PRESIDENT, DIRECTORS AND COMPANY OF THE CABOT BANK *vs.* LEWIS BODMAN & another.

A creditor of an insolvent manufacturing corporation, who holds collateral security from a stockholder therein, may prove his whole debt against the corporation in insolvency, without first applying the security in payment, or surrendering it to the assignees.

APPEAL from a decree of the court of insolvency for the county of Hampshire, disallowing the proof of a draft against

the Northampton Woollen Manufacturing Company, an insol-vent corporation, of which the defendants were assignees.

The only objection made to the proof was that the plaintiffs held as collateral security a promissory note and mortgage of real estate from Thomas Musgrave, a stockholder in the man-ufacturing corporation, and that no such publication has ever been made by the corporation as to exempt its stockholders from personal liability for its debts.

*J. Wells,* for the plaintiffs.

*G. T. Davis,* for the defendants. The plaintiffs hold security from a person liable for the debt both as a surety, and as a stockholder in the corporation; and there is no equitable reason why the property pledged by him should not be applied to diminish the plaintiffs' claim upon the assets of the corpora-tion, or why he should be permitted to control the election of assignees and the question of a discharge, against the wishes and interests of the unsecured creditors. *Sts.* 1838, *c.* 163, § 3; 1851, *c.* 315. Rev. Sts. *c.* 38, § 22. *Lanckton* v. *Wolcott,* 6 Met. 305. *Agawam Bank* v. *Morris,* 4 Cush. 103. *Richardson* v. *Wyman,* 4 Gray, 556. *Amory* v. *Francis,* 16 Mass. 311. *Ex parte Smith,* 2 Rose, 64.

MERRICK, J. It is insisted by the defendants that the decree of the court of insolvency is justified by the provision in the statute, that a creditor of an insolvent corporation, holding a mortgage of its property as collateral security shall not be allowed to prove any part of it against the estate in proceedings in insolvency, unless that which is held as collateral security shall be first released and delivered up to the assignees, or sold and the proceeds applied in conformity with law to the payment and extinguishment of his claim. *St.* 1851, *c.* 327, § 3.

But it is a conclusive answer to all that is urged against the right of the plaintiffs to make such proof in the present case, that they do not hold and have never held any pledge or mortgage of the real or personal property of the Northampton Woollen Manufacturing Company, from whom their debt is due, nor have received or obtained security for the payment of it from any person or party who is unconditionally bound

or obliged to pay it. This would be decisive of the ques-
tion if the language of the statute were to be construed liter-
ally, for in terms it speaks only of a mortgage or pledge of
property by an insolvent corporation. This however cannot be
considered as a just and complete interpretation of the sev-
eral provisions of the statute, as a construction so limited and
rigorous would in many instances defeat its obvious design and
purpose.

Undoubtedly where there are several debtors, all equally lia-
ble for the same debt, although one of them only should become
insolvent, the property of either or of all the others, which has
been pledged or mortgaged for the security of the performance
of their common obligation, must be availed of by the creditor
before he can prove his claim against the estate in insolvency of
the former. Thus in the case of *Richardson* v. *Wyman*, 4 Gray,
553, it was determined, that where three persons gave their joint
and several promissory notes, and a mortgage of real estate of
which they were tenants in common, as security, the whole
value of this real estate was to be applied towards payment of
the note before it could be proved in insolvency against one
of the makers. So in the case of *Lanckton* v. *Wolcott*, 6 Met.
305, where Mallory, Royce and Kent gave their joint and sev-
eral promissory note, and all of them afterwards became insol-
vent, it was held that the whole debt could not be proved
against the estates of Royce and Kent; but only the balance
that should remain, after deducting the value of the land which
had been mortgaged as security for its payment by Mallory,
who was the principal debtor, the others being in fact, though
not in form, merely his sureties. The principle must be the
same when a corporation is one of the debtors.

In the cases just cited it is to be observed that the property
held in mortgage, the value of which was to be deducted from
the debt before proof of it could be made in insolvency, be-
longed to the persons who were principals in the indebtedness.
Whether the like consequences would follow upon the insol-
vency of the principal, where a surety had given security to the
creditor by a mortgage of his own property, is a different ques-

tion, and may well be doubted; for if his property should thus be applied to the payment of the debt, he would take the place of the creditor, and have a perfect right to prove it against the estate of the insolvent in his own behalf. But the question does not here arise, and we intend to express no definite opinion in relation to it. For even if upon a proper interpretation of the statute its provisions are to have such an enlarged and extended signification as to require that property holden in pledge or mortgage by the creditor, but belonging to sureties who are under a direct, absolute and unconditional obligation to pay the debt, should be released and surrendered to the assignees, or sold and the proceeds applied to its payment, as an essential preliminary to the proof of it against the estate of the principal debtor, the plaintiffs are not, upon the application of that rule to the facts of this case, to be debarred from claiming and exercising that right. Musgrave stands in no such relation to the parties, and is under no such absolute obligation, either as a stockholder in the Northampton Manufacturing Company, or as a guarantor of their debt, by force of the note and mortgage of his own property to the petitioners. On each of these grounds his obligation is of a qualified and limited character.

As a stockholder in that corporation he may ultimately be compelled to pay, or contribute to the payment of its debts; but his liability depends upon a variety of facts and circumstances, all of which certainly are not now before the court, and cannot therefore be taken into consideration or justly appreciated. But whatever it may be in extent or degree, it is manifestly not at this time in the power of the creditor and debtor, either jointly or severally, to release and transfer his property to the assignees of the corporation, or to sell and convey it to others. And for that reason it can oppose no obstacle to the proof by the creditor of his undisputed debt against the estate of his insolvent debtor. Rev. Sts. *c.* 38, §§ 16 *& seq.* *St.* 1851, *c.* 315. *Denny* v. *Richardson*, 4 Gray, 274. *Bangs* v. *Lincoln*, 10 Gray, 600.

In like manner, though for different reasons, the responsibility of Musgrave to the plaintiffs, as guarantor of the principal

debtor, is not fixed and absolute, but subject to several limitations and restrictions.   The creditor may have failed to use due diligence, or have been guilty of such laches and negligence as will altogether release and discharge the debtor.   *Oxford Bank* v. *Haynes,* 8 Pick. 423.   *Clark* v. *Remington,* 11 Met. 361.   Until by due course of proceeding it has first been established that he is absolutely liable to pay the debt, his property cannot be taken from him by the creditor of his principal, nor conveyed away by his efforts united with those of the debtor or of his assignees. There is a resemblance in some circumstances between the case here supposed and that of *Meed* v. *Nelson,* 9 Gray, 55, where it was held to be no objection to the proof of a promissory note, by the holder against the estate of the maker in insolvency, that the indorsee held collateral security, and that the proof was made at his request and for his benefit.   See also *Richardson* v. *City Bank, post,* 261.

As it appears that the plaintiffs held no security of any kind derived from any of the immediate parties to the drafts set forth in the declaration, nor from any person absolutely and unconditionally responsible for their payment, they had a right to prove their whole debt against the Northampton Woollen Manufacturing Company, by whom they were drawn.   The decision therefore in the court of insolvency having been in this respect erroneous, the judgment rendered there must be reversed. The plaintiffs are to be allowed to make proof of their claim without regard to the security they have obtained from Musgrave ; and such further proceedings must be had as are necessary to a final distribution of the insolvent's estate.

*Judgment for the plaintiffs.*