CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
Hibler & Bowen' bad a contract lien on the notes and accounts placed in the hands of Turney, to be collected and applied to the payment of the debt of Kelly & Garrett to the Citizens Bank. Hibler also had a mortgage lien on the household and kitchen furniture of Garrett, to indemnify him on account of his suretyship to said Citizens Bank, and also as surety on a note due from Kelly & Gault to the Northern Bank of Kentucky.
In the settlement of the affairs of the insolvent firm,, under their deed of general assignment to Henderson, the question arose as to whether Hibler & Bowen should account for the sums realized from these two senior contract liens, and then share with the general creditors out of the general fund, in the proportion of the unsatisfied balance of their claims to the whole amount of the debts of the firm, or in proportion to their entire claims, taking no account of their individual securities.
The court below adopted the first proposition as the correct one, and of this ruling Hibler & Bowen complain.
The rule in such cases, as stated.by this court in Logan, &c. v. Anderson, &c. (18 B. Mon. 114) is, that the creditor having more than one contract security will be allowed to pro rate with the general creditors for the full amount of his claim, taking no account whatever of his independent securities. He has then the right to apply those securities to the payment of such balance as may be due him after exhausting the general estate; and if any thing remains of these securities after satisfying his claim in full, it will be applied for the benefit of the general creditors. This results from that rule of equity practice which forbids the marshaling of assets to aid the junior *22 incumbrancer when to do so will injure or trench upon the rights or operate to the prejudice of the party entitled to the double fund.
This court has held that this limitation upon the power of the chancellor does not apply in a case in' which the preference claimed to one of the funds arises out of a rule of equity or depends upon a statutory discrimination between creditors. Hence the rule was disregarded in the case of Northern Bank of Kentucky v. Keizer (2 Duvall, 169), where the partnership creditor insisted upon the benefit of the partner’s equitable lien, and in the case of the German Security Bank v. Jefferson, &c. (10 Bush, 326), where cértain banks claimed the benefit of their charter liens.
In this latter case the rule was stated as follows: “ The chancellor will not, in order to secure equality, set aside or disregard securities obtained by contract, nor will he marshal the securities to the prejudice of the. creditor holding an advantage so obtained;” but when a creditor insists upon the benefit of a preference arising out of a rule of equity practice or created by statute “the unsecured creditors may demand that the assets shall be marshaled.”
This case is within the rule announced in the case of Logan v. Anderson (18 B. Mon.), and it was error to marshal the assets to the prejudice of Hibler & Bowen.
The judgment is reversed for the correction of this single error, and the cause is remanded with instructions to render a judgment conforming to the principles of this opinion.