## J. G. TRIMBLE, ET AL. *v.* JOHN McGUIRE.

[Abstract Kentucky Law Reporter, Vol. 4—986.]

**Mortgage to Defraud Creditors and Prefer One Creditor.**

An insolvent debtor can not defeat other creditors by mortgaging his property to one creditor, and such a mortgage made in contemplation of insolvency will have the effect to assign all his property for the benefit of all of his creditors, but where the mortgagee has a valid claim he is entitled to participate in the distribution of the estate.

**Forfeiture for Excessive Interest.**

The excessive rate of interest may be pleaded as a forfeiture by any one affected by the computation of the interest, but it must be alleged that the lender or creditor intentionally charged the excessive rate.

**Homestead of Debtor.**

A creditor can not subject the homestead to the payment of his claim, so long as it remains a homestead and the right to it is not waived, and the homestead must be set apart in the manner pointed out by the statute before making sale.

APPEAL FROM BREATHITT CIRCUIT COURT.
May 8, 1883.

Opinion by Judge Hargis:

An action was brought by the appellee against the appellant, James McGuire, for damages in which he recovered $1,500. Execution therefor having been issued and returned no property found, he brought this suit to have annulled a mortgage made by the appellant, James McGuire, to the appellant, J. G. Trimble, for alleged fraud, and also, in case he failed in this, to have it adjudged to operate as an assignment of all the property and effects of said McGuire for the benefit of his creditors, in pursuance of Gen. Stat. 1881, ch. 44, art. 2, § 1.

The mortgage was executed on the 27th of November, 1876, and legally lodged for record Dec. 25, 1876, the consideration being $5,629.47, and constituted of a pre-existing debt of $2,529.47, $1,860.25 which was paid by appellant, Trimble, to Keene Crawford for appellant, McGuire, for whom Trimble was surety to Crawford; $250 usurious interest, and $989.75 cash paid to other creditors of McGuire.

This action was brought on the 16th of June, 1877. Judgment was rendered in favor of appellee, declaring the mortgage to have been made in contemplation of insolvency, and Trimble and James McGuire have appealed seeking a reversal on the facts as to insolvency of McGuire at the time the mortgage was executed and on various matters of detail set forth in the judgment, and which will be noticed after the disposition of the main question.

The evidence is conflicting as to the value of McGuire's property at the date of the mortgage, which embraced the whole of his landed estate, leaving unencumbered some inconsiderable personalty. Such evidence, being the opinion of the witnesses, is usually contradictory and unless taken in the aggregate would not be satisfactory. But when the evidence exhibited by this record is brought into one's view and carefully weighed it leaves but little room to doubt the insolvency of McGuire at the time he made the mortgage, and no doubt that he contemplated insolvency in the act of making it. He had been embarrassed for several years and become involved in an angry litigation with his brother, the appellee, and but a short while before the judgment in the latter's favor for the $1,500 in damages, he conveyed the whole of his landed estate to his brother-in-law, Trimble, so that, when the execution was issued no property could be found by the officers to make it or any part of it. The antecedent

embarrassment and the immediate legal insolvency after the execution of the mortgage, coupled with the weight of the evidence that McGuire's property was not greater in value than the amount of his indebtedness, concludes the question of insolvency and the purpose with which the conveyance was executed.

The appellee pleaded the excessive rate of interest as a forfeiture. The appellants contend that such a plea must come from the debtor himself before a forfeiture can be declared, but in this we can not agree, as the statute fixes the penalty without regard to the party affected by the excessive rate of interest, and we think that any one whose interest may be affected by the computation of the interest may plead the forfeiture.

But before a forfeiture can be declared it must be alleged that the lender or creditor "intentionally charged" the excessive rate. The appellee failed to make this allegation either in words or substance; hence the forfeiture was erroneous. Only six per cent., however, should be allowed Trimble for the year's interest from November 27, 1876, to November 27, 1877, as the law did not at that time authorize a conventional rate of interest beyond eight per cent. and no contract was made for that amount. I Acts 1876, ch. 704. The appellant, McGuire, agreed in writing to pay Trimble eight per cent. after November 27, 1877, and this he was bound to do as it was lawful at that time; hence the interest instead of six per cent. should have been eight per cent. from that date on the $1,860.25 and $389.75, which was the remainder of the $2,500 note after deducting the usury of $250. As six per cent. has been directed for the year prior to November, 1877, and no written contract to pay a greater lawful rate for that year, Trimble will receive all the interest he is entitled to by the allowances above directed.

According to the case of *Lishy v. Perry*, 6 Bush (Ky.) 515, the conveyance as to the homestead of McGuire can not be regarded as violating any legal right of the appellee, because in no event could he subject it to the payment of his debts, so long as it remained a homestead and the right was not waived in his behalf. It therefore was proper to allow Trimble, who has a contract lien on the homestead, to pro rata with the other creditors for the full amount of his claim, before compelling him to resort to the sale of the homestead for the payment of any part of his claims. *Hibler v. Davis's Admr.*, 13 Bush (Ky.) 20, and authorities there cited.

It is the duty of the commissioner under the decree to set apart the homestead before making sale, and if on the coming in of his report it appears that he has caused the homestead to be set apart in the manner pointed out by Gen. Stat. 1881, ch. 38, art. 13, § 10, this will protect the rights of appellants, and it is not necessary to anticipate any trouble on that ground. The court should control the proceeds of the sales until distribution thereof is ordered. For the errors indicated the judgment is *reversed,* but not to affect any sale or setting off of the homestead that may have been properly made under the decree, and cause remanded for further proceedings consistent with this opinion.

*W. H. Holt, for appellants.*

*H. C. Lilly, for appellee.*