Kellogg, Rose & Smith, for appellant.
Chas. S. Bloomfield, for respondent.

(31 Misc. Rep. 302.)

## In re BICKNELL.

(Supreme Court, Special Term, Madison County. February 15, 1900.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ASSIGNMENT OF INDORSER OF NOTE —PAYEE HAVING SECURITY OF MAKER.

Where a bank held indorsed notes, and, as collateral security, mortgages on property of the maker, it was entitled, on assignment for the benefit of creditors by the indorser, to file its claim with the assignee for the full amount thereof, and to receive dividends thereon, where at the time of such filing nothing had been collected or could have been applied from the securities.

2. SAME—CLERICAL WORK—DUTY OF ASSIGNEE.

It is the duty of an assignee to do all clerical work himself, and he cannot charge the estate with compensation to his attorney for such services.

3. SAME—FINAL ACCOUNT—DEDUCTION OF ASSET.

When at the time of an assignment for benefit of creditors $100 was in hands of counsel for the assignee, and there was some question whether it was a part of the assets of the estate or money advanced by assignee for work done by the counsel, and the sum had been carried by assignee and counsel through all accounts as an asset, it could not be taken from the assets, and the final account surcharged with the sum, on affidavit of the counsel.

4. SAME—ATTORNEY'S FEES—AMOUNT.

Where on final accounting of an assignee the total amount of assets available was $1,123.18, no more than $350 could be allowed for the assignee's attorney fees.

5. SAME—SERVICES BEFORE EFFECT OF ASSIGNMENT.

On final accounting of an assignee no allowance could be made for attorney's charges before the work was actually performed, or for labor or attorney's fees rendered or performed before the assignment went into effect.

6. SAME—ASSIGNEE'S COMPENSATION—WATCHING PROPERTY.

On final accounting of an assignee the assignee was not entitled to compensation for care in watching goods of the estate, or for use of his horse and carriage.

Proceeding by Sardis W. Peckham, assignee for benefit of creditors of Otis C. Bicknell, for a final accounting. Rights of parties determined, and decree of distribution rendered.

Albert Smith Sheldon (Albert N. Sheldon, of counsel, for assignee.
Louis P. Fuess, for National Bank of Waterville.
Claude L. Forbes, for National Wall-Paper Co.
Mr. Brandigee, for Second Nat. Bank of Utica.

FORBES, J. This proceeding was instituted, by the assignee for a final accounting and distribution of the assets in his hands under

an assignment for the benefit of creditors, and for the passing of his accounts for commissions, expenses, and money advanced for attorney and counsel fees. The inventory filed with the county judge of Madison county shows that the actual value of the assets coming into the hands of the assignee was about $3,500. Their nominal value was something over $4,000. The National Bank of Waterville is a creditor to the extent of $4,016, based on 10 promissory notes held by said bank at the time of said assignment. These notes were made by Burton, as maker, and were indorsed by Bicknell, the assignor. The bank also held, as collateral security, a real-estate and a chattel mortgage on certain personal property and the real estate of the maker. Subsequent to the filing of this claim, these mortgages were duly foreclosed, and the proceeds thereof, amounting to $1,650, $153.27 of which was for costs, were received by said claimant some time in December, 1896; leaving a balance due and unpaid on the indebtedness, after deducting said costs, in the sum of $2,519.27. The attorney for the National Bank of Waterville made the claim against the Bicknell estate, and placed the same in the hands of the assignee, about May 2, 1896, for the whole amount of its claim against Burton as maker of said notes, and against the assignor as the accommodation indorser thereon. This claim was before, but was never passed upon by, the county judge, who died while said proceeding was pending, after certain steps were taken before him in reference to filing claims by the assignor's creditors. Hon. John E. Smith, who subsequently, on the death of Judge Kennedy, became county judge, was the attorney for a claim presented against said estate in behalf of the National Bank of Morrisville. This deprived him of jurisdiction to hear and determine this accounting. The assignment was made about the 15th day of April, 1896. After the Honorable John E. Smith became county judge of Madison county, he certified his disability to hear this proceeding, and sent the accounting, together with all the proceedings in the county court, to this court for final determination. After some contest, this court permitted the claim of the National Bank of Waterville to be refiled in this proceeding, and its claim is the only one about which there has been any litigation in this or any other court. After hearing the parties, the court duly passed upon the claim of the National Bank of Waterville, and allowed it for distribution to the full amount of said claim, and interest thereon, to be computed as in the other claims presented. A motion was subsequently made by the assignee's attorney to modify that order. After hearing counsel for each contesting party, that decision was, by consent, reserved to be determined on the final accounting. I am convinced that the case of People v. Remington, 121 N. Y. 329, 24 N. E. 793, 8 L. R. A. 458, and the case In re Binghamton General El. Co., 143 N. Y. 261, 38 N. E. 297, are not adverse to the claim of the National Bank of Waterville, for the reason that when that claim was made and filed nothing was due, or had been collected, or could have been applied from the securities so held by said claimant. While the assignor was an accommodation indorser for Burton, who was the maker of said notes under which the claim arose, still the case In

re Sawyer, 33 App. Div. 300, 53 N. Y. Supp. 888, does not apply, and the distinguishing difference between that and the two authorities, supra, in the court of appeals, does not exist in the case at bar. In each of those cases the claims were against the principal debtor. In the case reported in 33 App. Div. 300, 53 N. Y. Supp. 888, the claim was filed against an accommodation indorser, who made the indorsements for the principal debtor or maker of these notes. An examination of the case shows, however, that the payment and application had already been made at the time the claim was filed, and that the indorser then had a right and was bound to credit all the payments made by the principal in partial liquidation of the claim there presented. The action and proceedings to foreclose the securities in question were not begun until after the claim was filed, and the judgment was not perfected until the following December. I do not think the assignee should let this matter run along from 1896, to the present time, and then claim the application of the payments which have been made since the claim was filed and the rights of the parties thereby fixed. Again, the dividend to be received on the final settlement will pay no considerable portion of the original claim, and is of little importance in the final distribution.

The other question presented is the amount which should be allowed to the assignee for expenses, attorney and counsel fees. The estate is very small, and the amount to be distributed, after the expenses of the assignment are deducted, is very limited. The total amount of assets now available is the sum of $1,123.18. If any reasonable amount is to be allowed for commissions, and expenses of the assignee and attorneys' fees, less than half of this sum will remain to be distributed. The attorney and counsel undoubtedly have performed a good deal of labor in this case. An itemized statement of their expenses and the value of their services amounts to a sum which, if allowed, would quite absorb the entire assets of the estate. It is conceded, on the part of the attorney and counsel, that they cannot be paid in full. An adjustment was sought to be made with the assignee to accept the sum of $500 in full for all services rendered by them to said estate. While this court would prefer to be liberal in the payment of counsel and attorney fees in all cases where the amount of the estate will warrant it, and the labor has been actually performed, and the fees earned, as in this case, still I do not think that it is the policy of the law, in the settlement of small estates, to award the payment of liberal, or even adequate attorney's fees. It is the duty of the assignee to do all the clerical work himself. He was not warranted in the employing of an attorney to do this kind of work, and then charge the state with such compensation to his attorney. In this case the attorney and counsel are father and son, and I cannot conceive the necessity for two classes of legal services in an estate of this size and character. While I am impressed with the belief that a large amount of labor has been performed in this case, I am not unmindful of the fact that estates for the benefit of creditors cannot be absorbed in commission and attorney's fees and expenses. In assignments for the benefit of cred-

itors there can be no ·distinguishing difference in the rule to be applied between these estates and the estates of deceased persons in reference to the legal expenses, fees, and commissions which ought to be allowed. I think the principle laid down in Re Jones Estate, 28 Misc. Rep. 599, 59 N. Y. Supp. 1020, is applicable. The same doctrine was affirmed in the case of Randall v. Packard, 142 N. Y. 47, 36 N. E. 823, and was also previously passed upon in the case of People v. Bond St. Sav. Bank, 10 Abb. N. C. 15. In the case first cited the amount of the assets was $8,000, and the amount of the fees paid to the attorneys was about one-half that sum. The court declined to allow that account, and reduced the amount one-half. The inventory and accounting show that $100 was in the hands of the counsel for the assignee at the time the assignment was made, and there is some question as to whether the money was advanced by Mr. Bicknell for work done for him by Mr. Sheldon, or whether it was a part of the assets of the estate. The assignee's receipts in the inventory are sought to be diminished by crediting the sum of $100 to the assignee's estate. The charge seems to be in the account as an asset, originally, in the handwriting of Mr. Sheldon, and has been so carried forward in the assets, and in all of the accounting and proceedings down to the time of the final settlement, running over a period of about 3½ years, but has been taken from the assets, and the final account is sought to be surcharged with that sum. I am inclined to think that this amount should not be disturbed, but should rest as a charge against the assignee's assets, where Mr. Sheldon, the assignor, and the assignee then placed it, and recognized its validity. I do not think that the charge ought to be changed in the account by affidavit. Mr. Sheldon should have presented himself as a witness, if a credit was desired, and thus have permitted the contesting claimants to cross-examine and investigate the claimed deduction to the fullest extent, which is the ordinary method pursued in surrogate's court. After a good deal of hesitation and examination of the accounts, I have come to the conclusion that the amount of $350 is all that can be allowed in this proceeding for the assignee's attorney and counsel fees, to be paid out of the assets as a legitimate charge against the estate. I am inclined also to allow certain actual cash disbursements of the assignee, made in reference to the estate, together with his commissions, on the amount of money received and paid out by him, which I hereby fix at the total sum of $135.07. There can be no allowance made for attorney's charges before the work was actually performed, nor can allowances be made for labor or attorney's fees rendered or performed before the assignment went into effect. In re Little (Sup.) 62 N. Y. Supp. 27. I do not think the assignee is entitled to be paid for care bestowed in watching the goods, nor do I think he is entitled to charge for the use of his horse and carriage. These sums must be deducted from his account. This court would be inclined to make a further allowance to the assignee, except for the fact that the papers and all the transactions show that the attorney and counsel have performed many of the duties which properly should have been performed by the assignee; and, he having been allowed for those

services to his attorneys, they cannot be allowed against the estate to the assignee for individual services as trustee. In re Rutledge, 162 N. Y. 31, 56 N. E. 511. After paying the contestant's attorney, Mr. Fuess, the total sum of $65 for attorney's fees and actual disbursements, and the attorney for the National Wall-Paper Company the total sum of $20, which must also include actual disbursements, the balance, $553.11, must be distributed among the creditors.

The accounting so charged, surcharged, and allowed must be regarded as the final conclusion of this court, and the distribution among the creditors must be pro rata, computing interest thereon as under the stipulation made in open court.

The decree of distribution may be drawn in accordance with this opinion.