MERCHANTS NATIONAL BANK v. S. T. FLIPPEN AND O. E. SNOW.

(Filed 20 March, 1912.)

**Debtor and Creditor — Insolvent Corporations — Receivers—Collaterals—Application of Dividends—Credits—Bills and Notes.**

A creditor of an insolvent corporation holding its notes with collaterals is entitled to a dividend, which the court has ordered the receivers to pay to its creditors, on the amount the debtor is due on the note, without deduction for credits received from the collaterals; and should there be any collaterals or proceeds thereof after the note has been paid in full, they should be turned over to the receivers.

APPEAL from *Webb, J.,* at February Term, 1912, of WAKE. Motion in the above cause. His Honor rendered judgment

as set out in the record, and the defendant Snow, receiver, appealed. The facts are stated in the opinion of the Court.

*Aycock & Winston for plaintiff.*
*T. W. Folger and Walter Clark, Jr., for defendant Flippen.*
*Watson, Buxton & Watson for defendant Snow.*

BROWN, J. The Pilot Bank and Trust Company failed in business, and defendant Snow was appointed receiver to settle up its affairs. At date of receivership the insolvent corporation owed the Merchants National Bank of Raleigh, N. C., $4,227.51. That bank held certain notes as collateral, among others, that of the defendant Flippen. From this collateral the said bank had received certain sums since the date of the receivership.

The sole question presented is: Whether in cases of this nature distribution by the receiver should be on the basis of the entire indebtedness originally, *i. e.,* $4,227.51, or on the basis of the amount remaining unpaid at the time distribution is ordered. In other words, whether the receiver, being ordered to pay 50 per cent of the indebtedness, should pay on the basis of the entire amount which originally was due, or only 50 per cent of the amount still remaining due.

It is useless to discuss the many cases in which this matter has been passed on by the courts of this country. Suffice it to say that the overwhelming weight of authority favors the position that dividends are declared upon the basis of the original indebtedness existing at the time of the receivership.

When such dividends, added to any sums collected by the creditor from collateral, shall have paid the debt in full, then dividends of course must cease, and the uncollected collateral delivered to the receiver.

By following this rule no injustice is done to the other creditors of the insolvent, and a certain and unchanging sum is given upon which dividends are to be declared.

This is the view taken by this Court heretofore, and directly decided in the cases of *Winston v. Biggs,* 117 N. C., 206; *Brown v. Bank,* 79 N. C., 244.

In *Merrill v. Bank,* 173 U. S., 131, the Supreme Court of the United States holds that "A secured creditor of an insolvent

bank may prove and receive dividends upon the face of his claim as it stood at the time of the declaration of insolvency, without crediting either his collaterals or collections made therefrom, after such declaration, subject always to the proviso that dividends must cease when, from them and from collaterals realized, the claim has been paid in full."

The above, we think, is a succinct and correct synopsis of the great weight of authority.

The following courts hold similar views:.

England: *Palmer v. Culverwell,* 85 L. T., N. S., 758.

Colorado: *Hendrie v. Graham,* 14 Col. App., 13.

Illinois: *In re Bates,* 118 Ill., 524; *Furness v. Bank,* 147 Ill., 570.

Kentucky: *Hibler v. Davis,* 76 Ky., 20.

Massachusetts: *Cobat v. Bodman,* 77 Mass., 134.

Michigan: *Bank v. Byles,* 67 Mich., 296; *Bank v. Haug,* 82 Mich., 607.

Minnesota: *Mead v. Randall,* 68 Minn., 233.

New Hampshire: *Bank v. Trust Co.,* 70 N. H., 542.

New York: *In re Bicknell,* 31 Misc., 302; *People v. Remington,* 121 N. Y., 328.

Pennsylvania: *Morris v. Olwine,* 22 Pa. St., 441; *Miller's Appeal,* 35 Pa. St., 481.

Rhode Island: *Greene v. Bank,* 18 R. I., 779.

South Carolina: *Atlantic Phos. Co. v. Law,* 45 S. C., 606.

Texas: *Kauffman v. Hudson,* 65 Tex., 716.

West Virginia: *Williams v. Overholt,* 46 W. Va., 339.

Vermont: *West v. Bank,* 19 Vt., 403.

We find nothing in the case of *Chemical Co. v. Edwards,* 136 N. C., 74, which contravenes our decision.

The judgment is

Affirmed.