**MAYFIELD et al. v. PAN AMERICAN LIFE INS. CO. et al.**

No. 3110.

Circuit Court of Appeals, Fourth Circuit.

April 13, 1931.

William C. Wolfe, of Orangeburg, S. C., and Stanwix G. Mayfield, of Bamberg, S. C., for appellants.

Alva M. Lumpkin, of Columbia, S. C. (Thomas & Lumpkin, J. Waties Thomas, Morris C. Lumpkin, and Pinckney L. Cain, all of Columbia, S. C., and Albert Wright, of New York City, on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought by one of the appellees, the Pan American Life Insurance Company, which will be herein referred to as plaintiff, to foreclose a mortgage on a certain tract of land, executed by one Leda K. Mayfield on the 11th day of June, 1919, and recorded on that date, to the Old Dominion Trust Company, to secure certain bonds executed by her. The bonds and mortgage were assigned by the Old Dominion Trust Company to the plaintiff. A number of others were made parties because of the claim of some interest in the land in question, or because they were judgment creditors. The appellants, Stanwix G. Mayfield, Jr., and Christabel M. Williams, children of Leda K. Mayfield, claimed that their mother had, on January 8, 1918, and prior to the execution of the mortgage, deeded the same tract of land that was covered by the mortgage to them. The deed to the appellants was claimed to have been recorded on January 8, 1918, and by virtue of this deed it was claimed that appellants had paramount title, and that the tract of land could not be subjected to the payment of plaintiff's mortgage. In the written application for the loan, filed by Leda K. Mayfield and sworn to by her before a notary, on April 28, 1919, she stated that she held the undisputed title in fee simple to the tract of land in question.

The suit was heard, and the testimony and evidence presented before the judge below in open court. The validity of appellants' claim to the paramount title was contested on the ground that the deed to appellants had not been recorded at the time of the execution and recordation of the mortgage, and without going into detailed discussion of the evidence, which was voluminous, it is sufficient to say that a study of the record convinces us that while the deed in question to appellants may have been executed prior to the execution and recordation of plaintiff's mortgage, it was not recorded prior thereto. We are forced to this conclusion by a large number of unquestioned circumstances, which prove the fact, and this is the conclusion reached by the learned judge below, who saw the witnesses and heard them testify. Unless clearly wrong, the conclusion of the trial judge will not be reversed.

"It is settled that we will not reverse a finding of the District Court having support in the evidence unless we think that the Judge

has misapprehended the evidence or gone against the clear weight thereof, or, in other words, unless we think that his finding was clearly wrong." Chesapeake Lighterage & Towing Co., Inc., v. Baltimore Copper Smelting & Rolling Co. (C. C. A.) 40 F.(2d) 394, 395.

In this instance, we are firmly of the opinion that the learned judge below was clearly right in his conclusion, but as stated by him in his memorandum .opinion the case is settled beyond any doubt on another ground.

In 1923, the plaintiff brought a foreclosure suit in the District Court of the United States for the Eastern District of South Carolina against Mrs. Leda K. Mayfield, J. K. Mayfield, W. D. Mayfield, Stanwix G. Mayfield, Jr., and Mrs. Christabel M. Williams, and certain other parties, to foreclose this same mortgage. The bill in that case alleged, among other things, the execution, recording, etc., of the same mortgage by Mrs. Mayfield, to secure the same bonds executed by her and guaranteed by J. K. Mayfield and W. D. Mayfield. In that suit Mrs. Christabel M. Williams and Stanwix G. Mayfield, Jr., appellants here, were made parties because they had or claimed some interest or lien upon the mortgaged premises by reason of judgments of record, but the bill alleged that those liens were subsequent to the lien of the mortgage of the plaintiff. In that proceeding Stanwix G. Mayfield, Jr., and Christabel M. Williams each filed a separate answer by their attorneys, and the answers were sworn to by each of them before a notary. Those answers merely claimed that they held judgments respectively against the defendant, Mrs. Leda K. Mayfield, and admitted that they were junior to the mortgage executed by Mrs. Mayfield and described in the plaintiff's complaint. Nowhere in either of the answers did either of them make any claim whatsoever that they or either of them had any interest in the land by virtue of any deed or other instrument whatsoever. That case proceeded to a final decree for the foreclosure and sale of the property, adjudging that the plaintiff's mortgage was a first lien upon the premises and should be paid first, and directing that the judgments claimed by the defendants, Stanwix G. Mayfield, Jr., and Mrs. Christabel M. Williams, should be paid after the satisfaction of the plaintiff's mortgage. The premises were not sold under this decree; but after the final decree and before any sale, there was entered by consent of all the parties to that suit a supplemental decree, which recited in substance that all of the indebtedness secured by the mortgage was not then past due, and that Mrs. Leda K. Mayfield had agreed to pay all of the past due indebtedness, if the complainant would accept the same, and the cause should be dismissed as by the consent of the parties and not as a judicial finding, without prejudice to the right of the complainant to institute another proceeding for the foreclosure of the mortgage then sued on, should the defendant Mrs. Leda K. Mayfield thereafter become in default under the terms thereof. Mrs. Leda K. Mayfield then paid the past due indebtedness in accordance with this agreement, and this money, it appears, was furnished by S. G. Mayfield, Sr.; Mrs. Leda K. Mayfield, S. G. Mayfield, Sr., J. K. Mayfield, and W. D. Mayfield signed a renewal agreement whereby the balance of the mortgage was extended and made due and payable in installments as set forth in that agreement. At no time during these proceedings did the defendants, Stanwix G. Mayfield, Jr., or Mrs. Christabel M. Williams, or their attorneys, or any one acting for them ever mention or suggest in the slightest way that they had a deed covering the premises in question and held title paramount. The plaintiff was left completely in the dark as to the existence of such deed or any claim to be made thereunder. Stanwix G. Mayfield, Jr., and Christabel M. Williams, were then of age, and according to the testimony before us they then knew of the existence of the deed and of their rights thereunder. All of the other parties mentioned, namely, Mrs. Mayfield, J. K. Mayfield, W. D. Mayfield, and S. G. Mayfield, Sr., knew of the existence of this deed and of the rights that might be claimed for Mrs. Williams and Stanwix G. Mayfield, Jr., thereunder. But none of them ever mentioned it or brought any knowledge of it home to the plaintiff, and there is no showing before us or claim made that the plaintiff, at that time knew or had any grounds to believe that such a deed was in existence or on record. The plaintiff had a vested right by virtue of the final decree of foreclosure for the sale of the tract of land, and the appellants acted in such a manner as to change plaintiff's position for the worse. It is not necessary to cite authorities to the effect that this creates an estoppel against them. As was well said by the learned judge below: "Can any reasonable man doubt that if these defendants * * * [held title] paramount to the claim of the plaintiff, or if the plaintiff had had the slightest knowledge upon the

subject of any such claim, that the plaintiff would ever have been willing to have agreed to the superseding of that final decree and the cancelling of all their rights thereunder, or would have agreed to give the parties an extension of the time for the payment of the major portion of the mortgage debt? The defendants were silent when they should have spoken, and now they will not be heard when they should be silent. When all the facts and circumstances of the case are considered, it is as plain a case for the application of the salutary rule of estoppel as has probably ever been presented to a court."

On both questions, (1) the recordation of the deed, and (2) the question of estoppel, the learned trial judge was clearly right, and the decree of the court below subjecting the tract of land in question to the mortgage is affirmed.