## SHERMAN et al. v. BRAMHAM et ux.
### No. 3889.

Circuit Court of Appeals, Fourth Circuit.

June 21, 1935.

S. C. Chambers, of Durham, N. C., for appellants.

John M. Robinson, of Charlotte, N. C. (H. G. Hedrick, W. B. Guthrie, and J. L. Morehead, all of Durham, N. C., on the brief), for appellees.

Before SOPER, Circuit Judge, and WATKINS and CHESNUT, District Judges.

PER CURIAM.

On January 26, 1924, William G. Bramham and wife (the appellees in this case) executed their promissory note for $12,000 to Southgate Jones, and on the same date executed and delivered to W. J. Brogden, trustee, a deed of trust to secure the note. On the same date the Bramhams also made their other note for $12,000 to the First National Bank of Durham, N. C., to repay that amount then borrowed from the bank. The deed of trust to secure the first-mentioned note covered a residence property then purchased by the Bramhams and paid for in part by the money borrowed from the bank, and the deed of trust contained the following recital: "This deed of trust and note secured thereby are executed to the party of the third part (Jones) to protect him against loss by reason of his endorsement on note for $12,000 executed by the parties of the first part (the Bramhams) and payable to the First National Bank of Durham, N. C. Dated of even date herewith." It was contemplated at the time that as a condition of making the loan the bank might require Jones (its vice president) to indorse the Bramhams' note to the bank, but it is conceded in the case that this was not in fact insisted on by the bank and Jones did not indorse the note. No other consideration passed from Jones to the Bramhams for their note to him and the deed of trust to secure it. The note for $12,000 to Jones and the deed of trust were delivered to him and the latter was promptly duly recorded. It appears that nothing further transpired between the parties with regard to this note until in December, 1931, shortly before the failure of the bank, it was indorsed without recourse by Jones to the bank. In the meantime, the Bramhams had made various payments on account to the bank so that the original indebtedness of $12,000 had been reduced to $7,000.

Thereafter the Bramhams, having learned that Jones had never been required to indorse their note to the bank, filed their bill in equity in the District Court (Bramham v. First Nat. Bank, 9 F. Supp. 979) to obtain a cancellation of their note to Jones and the deed of trust, on the ground of failure of consideration. In his answer the receiver of the bank resisted the relief prayed for, alleging that it was the intention of the bank and the Bramhams at the time the bank loaned $12,000 to the latter, that it should be secured by a deed of trust on the residence property to be purchased by them and which was covered by the deed of trust sought to be canceled, and therefore the bank was entitled to an equitable lien on the property.

On the issue thus presented the District Judge received all the testimony offered by the parties, both oral and documentary, and thereafter made special findings of fact, and on consideration thereof, in a careful and comprehensive opinion, concluded that the Bramhams were entitled to a cancellation of the deed of trust and of the Jones

note as prayed for. The appeal here is from his decree for the cancellation of these papers.

Upon consideration of the case presented we are in accord with the findings both of fact and law as determined by the District Judge. The crucial issue of fact was whether it was the intention of the bank and the Bramhams that the loan made by the bank should be secured by the property. The District Judge specifically found that there was no such intention, but that on the contrary the bank intended to and did in fact make the loan on an unsecured note. Here it is contended on behalf of the bank that the contrary finding of fact should be made from the record. And it was conceded by counsel for the appellants in argument that the decree must be affirmed unless this contrary finding from the evidence can be made by this court.

It is the well-established rule of this court that on an appeal in equity the findings of the trial judge, when he has personally heard the testimony, will not be disturbed unless clearly wrong. Miller v. Pyrites Co. (C. C. A.) 71 F.(2d) 804; Suburban Imp. Co. v. Scott Lumber Company (C. C. A.) 67 F.(2d) 335, 90 A. L. R. 330; Mayfield v. Insurance Company (C. C. A.) 49 F.(2d) 906. After an examination of the record we are satisfied that the weight of the evidence was substantially preponderant in favor of the finding made. It is especially significant that the bank produced no records to indicate that it ever treated the loan to the Bramhams as a secured loan; and on the contrary it was shown that the bank made other unsecured loans to the Bramhams and consolidated the $7,000 balance due on the $12,000 note with another unsecured loan of $9,900 into one new note for $16,900 dated October 26, 1931, which it is quite unlikely would have been done if the former had been considered a secured obligation. The negotiations for the $12,000 loan from the bank were conducted by William G. Bramham for himself and wife, and by Jones for the bank. The trial judge, after hearing both these witnesses, concluded that the testimony of Bramham to the effect that the bank did not insist on security and that the deed of trust was executed to be operative only on the condition that the bank should demand Jones' indorsement, was more convincing than the testimony of Jones to the contrary. We see no occasion to disturb this finding, which, as above indicated, is determinative of the case. It will also be observed that the contention now made on behalf of the bank contradicts the papers as written and to prevail would in effect require a reformation of the deed of trust. This would demand a measure of proof much more satisfactory and convincing than has been presented on behalf of the bank in this case.

It results that the decree must be affirmed.