## GUILFORD CONST. CO. et al. v. BIGGS.
### No. 4421.

Circuit Court of Appeals, Fourth Circuit.
Feb. 28, 1939.

R. R. King, Jr., of Greensboro, N. C., and Horace S. Haworth, of High Point, N. C. (Harry Rockwell, of Greensboro, N. C., on the brief), for appellants.

R. M. Robinson, of Greensboro, N. C., for appellee.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal from a decree of foreclosure in which the rights of the receiver of the Commercial National Bank of High Point, N. C., were determined with respect to a judgment assigned to that bank as collateral security by Robert G. Lassiter & Company. From a decree holding that the receiver was entitled to the judgment as collateral security for the balance of the indebtedness due the bank by Lassiter & Company, and directing that the judgment be sold and the proceeds applied upon that indebtedness, the Guilford Construction Company, successor to the rights of Lassiter & Company in its assets, and J. C. Harmon, Jr., one of its creditors, has appealed.

The facts are as follows: Lassiter & Company had obtained a judgment against the City of Lake Worth, Florida, in the sum of $246,890. The company was indebted to the bank in the sum of $119,509.08. On February 6, 1931 it assigned the judgment to the bank as collateral security for the debt, following this on June 19, 1933 by the execution of a formal indenture of assignment to the bank's receiver, who in the meantime had taken over the bank's affairs.

In September 1933, Lassiter & Company was placed in receivership; and thereafter, on October 1, 1934, the Guilford Construction Company purchased its assets, issuing in exchange therefor 10,000 shares of its non par value common stock, which was distributed by the receivers among the creditors of the company pro rata in accordance with the amount of their respective claims. Under this distribution the

receiver of the bank received 1,193 shares of the stock, found by the court below to have had a value of $2.50 per share at the time of its distribution, or a total value of $2,983.50.

The assets of Lassiter & Company were transferred to the Guilford Construction Company "subject to such mortgages and other liens as may be against same", but without assumption thereof. The judgment against the City of Lake Worth was listed by the receivers of Lassiter & Company among the assets of that corporation, but was listed as having been pledged to secure the debt due the bank. Neither the orders of the court nor the transfer of the stock by the receivers of Lassiter & Company to creditors provided for the discharge of their claims upon the receipt of the stock.

A financial statement of the Guilford Construction Company showed the book value of the stock of that company to be approximately $71 per share, but no evidence was introduced by appellants as to its actual value. The receiver of the bank testified, on the other hand, as to the result of an investigation as to the value of the stock during the years 1933 and 1934. He placed the value of the assets of the corporation at the time of the distribution of the stock at $25,000. The liquidating agent of the corporation placed the value of its assets in 1937 as not exceeding $25,-000. On a capitalization of 10,000 shares, this would justify the valuation of $2.50 per share placed on the stock by the court below.

■■■ The principal contention of appellants is that the receipt of the stock in the Guilford Construction by the receiver of the bank extinguished his claim, and that thereupon the judgment which had been assigned as collateral security thereto was freed of the lien of the assignment. We see no basis, however, for this contention. There was no reorganization of Lassiter & Company but merely a transfer of its assets for stock, made in the thought that the creditors would receive more through ownership thereof than through a liquidation of the assets in the receivership. As this was an equity and not a bankruptcy receivership, secured creditors were entitled to participate in dividends derived from the free assets on the basis of the face amount of their claims, and not on the basis of the amount thereof reduced by the value of their securities, subject only to the limitation that they should not collect from all sources more than the amount of their claims. Rierson v. Hanson, 211 N.C. 203, 189 S.E. 502; Merchants' Nat. Bank v. Flippin, 158 N.C. 334, 74 S.E. 100; Merrill v. National Bank, 173 U.S. 131, 19 S.Ct. 360, 43 L.Ed. 640. No surrender of securities can be inferred, therefore, from the acceptance of the stock dividend on the basis of the face of the claim. There is no presumption that the stock dividend was accepted in extinguishment of the debt, but the presumption is to the contrary (Cf. Jefferson Standard Life Ins. Co. v. Lightsey, 4 Cir., 49 F.2d 586; 1 Am.Jur. 223, 224), and no evidence whatever that anyone intended that it should be so accepted. On the contrary, there is evidence that the judgment which the receiver of the bank held by assignment as collateral security was supposed to be worth at the time around $25,000; and it is unreasonable that he would have surrendered this security in order to receive stock worth about one-tenth that amount, or that anyone would have suggested that he do so. The assets, as has been noted, were transferred subject to existing liens and mortgages; and there is nothing to indicate an intention that these were to be extinguished upon the contemplated distribution of stock to which their holders would become entitled or that the holders were to be accorded their rights under the distribution only upon surrender of these securities.

■■ As to the value of the stock distributed to the receiver and credited upon the claim of the bank, there is nothing in the record which would justify our disturbing the finding of the District Judge with regard thereto. The provisions of the new procedural rules that the findings of fact of the trial judge are to be accepted on appeal unless clearly wrong (Rule 52 (a), 28 U.S.C.A. following section 723c) is but the formulation of a rule long recognized and applied by courts of equity. Adamson v. Gilliland, 242 U.S. 350, 37 S. Ct. 169, 61 L.Ed. 356; Deutser v. Marlboro Shirt Co., 4 Cir., 81 F.2d 139, 142; Sherman v. Bramham, 4 Cir., 78 F.2d 443; Miller v. Pyrites Co., 4 Cir., 71 F.2d 804; Suburban Imp. Co. v. Scott Lumber Co., 4 Cir., 67 F.2d 335, 90 A.L.R. 330.

For the reasons stated, the decree appealed from will be affirmed.

Affirmed.