**OXFORD BOATYARD CO. v. WARMAN.**

No. 6277.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 5, 1951.

Decided Dec. 3, 1951.

Edward T. Miller, Easton, Md., and C. Damer McKenrick, Baltimore, Md., (Charles E. Wheeler, Easton, Md., and Bartlett, Poe & Claggett, Baltimore, Md., on the brief), for appellant.

Frank L. Fuller, III, Baltimore, Md., (Cornelius P. Mundy and Marshall, Carey, Doub & Mundy all of Baltimore, Md., on the brief) for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

PER CURIAM.

This is an appeal from a judgment for plaintiff in an action for breach of warranty in the construction and sale of a small sailing boat. The case was heard without a jury by the trial judge, who found that there was breach of the warranty relied on and gave judgment for plaintiff, the purchaser of the boat, in the sum of $3240.51 with interest. The warranty relied on was that the "highest grade equipment, materials and workmanship" should be used in the building of the boat, and the judge found that in the construction of the decks no paint or other protective substance was used, as should have been done, to protect the canvas covering or coamings between joints, with the result that water seeped in and caused rotting

of beams and plywood. He found also that the screws used in fastening the deck were not of the highest quality, as they should have been under the warranty. The defendant contends that the boat was in all respects properly constructed and that the rotting of the beams and plywood was due to the failure of plaintiffs to keep it properly painted, that the screws complained of were of the best quality and of the sort customarily used for the purpose involved, that the damages were not properly established and that timely notice of intention to claim damages had not been given as required by the Uniform Sales Act, Annotated Code of Maryland Art. 83, Sec. 67.

The evidence as to whether the boat was properly constructed with repect to the use of paint or other protective substance on the canvas at joints or coamings is conflicting, as is also the evidence as to whether the screws used were in accordance with the warranty. No purpose would be served by setting forth this evidence at length. It is sufficient to say that it amply supports the findings of the trial judge both that there was a breach of the warranty and that the breach was the cause of the damage of which plaintiff complains. These findings must be accepted by us unless clearly wrong. Fed.Rules Civ.Proc. rule 52(a), 28 U.S. C.A., Guilford Const. Co. v. Biggs, 4 Cir., 102 F.2d 46, 47. And a careful review of the record convinces us that we would not be justified in disturbing them. On the contrary, we are convinced that they are right.

The basis for the computation of damages, with one exception which we deal with later, was the cost of the repairs made necessary by the breach of warranty. Items connected with other repairs were eliminated from the bills introduced in evidence; and there was no challenge of any particular item relied on by plaintiff and no evidence that any item was not necessary or that the charge for it was excessive, nor was there any evidence that the necessary repairs could have been made for less than plaintiff paid for them. Under such circumstances we clearly would not be justified in disturbing the judge's findings with regard thereto.

With respect to the notice, the boat was built and delivered in the year 1946. Not until 1949 did plaintiff discover that there had been a breach of the warranty relied on; and the evidence is that notice was given to defendant almost immediately on the discovery of the breach and the damages resulting therefrom. Defendant contends that discovery was made some four months earlier; but it is clear that, while plaintiff discovered at that time that the boat needed repairs, he did not discover until just before he gave the notice that the repairs were needed because of defective workmanship and materials in the boat's construction.

There is one item as to which the award of damages should be modified. This is an item of $94.50 paid for installing a new gasoline tank. Defendant notified plaintiff in 1947 that a defect had been discovered in the gasoline tanks installed in boats of this class; but plaintiff did not ask defendant to install another tank or give notice that he intended to hold defendant for damages for breach of warranty. He proceeded to have a new tank installed at his own expense without notice to defendant and said nothing about it until the trouble arose over the rotting of the beams and plywood. The attempt to hold defendant liable for this defect more than two years later must fail. It is not enough that defendant knew of the defect in the tank, since it did not know that plaintiff was claiming a breach of warranty on that account. Plaintiff having failed to give notice within a reasonable time of his intention to hold defendant liable for such breach, waived any right which he might otherwise have had with respect thereto. American Mfg. Co. v. United States Shipping Board Emergency Fleet Corp., 2 Cir., 7 F.2d 565, 566.

For the reasons stated, the judgment will be modified by eliminating the item of $94.50 with interest from the award of damages, which will reduce the amount of the judgment from $3397.39 to $3298.31 and as so modified it will be affirmed.

Modified and Affirmed.