BANK (First National of Charlotte) v. T. L. ALEXANDER, Exr.

### Surety and Principal.

Where a creditor secured in an assignment of the principal debtor's property receives his share of the fund, he cannot afterwards assert the discharged part of the debt against the surety.

(*Brown* v. *Bank*, 79 N. C., 244; cited, distinguished and approved.)

CONTROVERSY submitted without action under section 315 of the Code, and heard at Fall Term, 1881, of MECKLENBURG Superior Court, before *Avery, J.*

The court adjudged that the plaintiff bank be allowed to prove the full amount of the debts mentioned in the case agreed, against the estate of the testator, and receive the *pro rata* share on the amount thereof, so as to satisfy the unpaid residue, and the defendant appealed.

No counsel for plaintiff.

*Messrs. Wilson & Son,* for defendant.

SMITH, C. J. The partnership firm of Walter Brem & Martin, in June and July, 1876, executed five promissory notes in the aggregate sum of $15,500 payable at 60 days to Thoms H. Brem, by whom they were endorsed to the plaintiff. The endorser died in the last mentioned month leaving a will and appointing the defendant his executor, who having completed his administration has assets to be apportioned among the creditors and insufficient to pay in full. On November 30, 1877, the principal debtors made an assignment for the benefit of their creditors, from the proceeds of which the plaintiff has received and applied to the notes a payment of 66 per cent. of the amount due. The plaintiff now proposes to prove against the testator's estate the full amount of the notes without deduction of the sum paid, and claims to share upon the basis of an unreduced debt in the *pro rata* distribution of the fund in the hands of the executor, upon the authority of the decision in *Brown* v. *The Bank*, 79 N. C., 244; and this is the matter in contest in the action. That case furnishes no support to the present demand. There, the assignors in their respective deeds conveyed property to secure the same debts, in some of which the assignors in one deed were principals and the assignors in the other were sureties; and in the other secured debts their relations were reversed. It was held that the indebtedness was equally provided for in both conveyances, and that each contemplated a distribution upon that basis, which was not disturbed by priority in date of execution or in closing the trusts. The practical results of the two-fold assignment are thus stated in the opinion: "The surety whose estate pays is at once subrogated to the rights of the creditor as to the sum paid, and thus the unpaid part would remain the property of the bank, and the the part paid would belong to the surety. But as both principal and surety owe the entire debt to the creditor, he would be entitled also to receive the part accruing to the

23

surety, as well as to himself out of the principal debtor's estate."

We discover no similarity in the cases. Here, funds provided by the principal debtors who are primarily liable, have been appropriated to their own indebtedness, nearly two-thirds of which is thus extinguished, and the estate of the testator, their surety, relieved of liability to that extent. The present contention is to revive the discharged indebtedness against the surety, for the purpose of obtaining a larger dividend from his estate. The measure of the provable debt is what remains of it unpaid; and as the discharged part could not be asserted against the principal, still less can it be against the surety upon his subsidiary liability. If the relations of the parties were reversed, and the surety had been compelled to pay the debt, he would thus become himself a creditor by virtue of an equitable assignment or right of action for money paid. But there is no analogy in the cases, and we can see no ground upon which the present claim can stand.

There is error in the record and the judgment will be entered here according to the case agreed, that the defendant go without day.

Error.                                                   Reversed.