WINSTON *v.* BIGGS.

*Assignment for Benefit of Creditors—Doubly Secured Debt—Rights of Creditor—Marshalling Assets.*

1.  The doctrine of marshalling assets does not apply to the distribution, by a trustee, of an insolvent debtor's estate when one creditor secured in the deed of trust has also a prior and exclusive lien upon a part of the property conveyed to the deed in trust; therefore,

2.  Where the plaintiff's debt was partly secured by a mortgage and the debtor conveyed his equity and redemption therein, together with the property to a trustee for the benefit of all his creditors, including plaintiff, the plaintiff was rightly adjudged to be entitled to his *pro rata* share of the funds in the trustees hands arising from the sale of the debtor's other property, upon the basis of his entire debt and not merely upon the balance that should remain unpaid after applying the value of the independent security he held.

CONTROVERSY submitted without action under Sec. 567 of *The Code*, heard before *Starbuck, J.*, at Fall Term, 1895, of DURHAM Superior Court. From a judgment for plaintiff, the defendant appealed. The facts appear in the opinion of Associate Justice MONTGOMERY.

*Messrs. Fuller, Winston & Fuller*, for plaintiffs.
*Mr. A. A. Hicks*, for creditors (appellants).

MONTGOMERY, J.: This matter is presented under Section 567 of *The Code*. L. E. Wright made a general assignment of all his property for the benefit of all his creditors

to the defendant Biggs as trustee. Wright was indebted to the plaintiff in the sum of $3,200, and to the other creditors named in the assignment to the amount of about $6,000 all of which was secured in the deed, without preference. The plaintiff's debt is, and was at the time of the execution of the assignment, partly secured by a lien on Wright's interest in a brick storehouse in Oxford of the value of about $2,800. The defendant trustee has on hand for distribution among the creditors about $1,000. The plaintiff has demanded of defendant trustee his share of the fund which he insists is 3200-9200 of the amount on hand, but the trustee has refused to settle on that basis but is willing to pay to the plaintiff in the proportion of 400-6400 (Four hundred dollars being the estimated amount which will still be due to the plaintiff after he shall have exhausted his lien on the store house and applied the same to his debt *pro tanto*). The question then is this, is the assignee under a general assignment for the benefit of creditors required upon demand to pay a dividend out of funds in his hands for distribution upon the basis of the entire debt of one of the creditors secured in the deed, who has, and who had at the time of the execution of the assignment, a prior security upon a piece of property also conveyed in the assignment, or is the trustee to pay to such creditor a dividend only on the balance due after the creditor has exhausted his prior security and applied the same to his debt? Or, to state it more concisely, does the doctrine of marshalling apply where one of the creditors, secured in a general deed of assignment for the whole amount of his debt, has a prior security on a piece of property which was also conveyed in the deed of assignment?

We have no decision in our own reports directly in point. The facts in the case of *Brown* v. *Bank*, 79 N. C., 244, referred to by plaintiff, are not like the facts in this case.

In that case, there were two firm debtors, *Greer & Alexander* and *McMurray & Davis,* two separate funds, and two separate general assignments for the benefit of creditors, both securing two debts, in one of which one debtor was principal and the other endorser, and in the other debt the relations were reversed, and the question before the court was "shall the two debts secured in both deeds share for their full amounts in the distribution of the trust fund of McMurray & Davis, or shall they be reduced by the sums received from the assignee of Greer & Alexander, and the residue draw only its ratable part?" It was held that marshalling of the funds would not be ordered, for that doctrine was applicable only where there is the same common debtor and not where the funds are provided by different debtors. In the case of *Butler* v. *Stainback,* 87 N. C., 216, cited by plaintiff's counsel, marshalling it is true was not allowed, but the decision of the Court was put on the ground that one of the securities was expressly declared to be in exoneration of another. The distinguishing point between the well-understood principle of marshalling assets and the distribution of the funds in the hands of a trustee of an insolvent assignor, is clearly to be seen. The deed of assignment conveys to the trustee the legal title to the property and there passes to the creditors a joint equitable proprietorship, and each creditor owns such a proportionate part of the whole as his debt bears to the sum of all the debts, and the trustee holds the legal estate for the benefit of each creditor to the full extent of his debt regardless of any contract which either one of the creditors may have had with the debtor, by which he secured a collateral lien before the execution of the assignment. It is the debt secured in the assignment, this personal right of the creditor, which is the principal thing to be considered in the settlement of the insolvent's estate,

and a former lien of the plaintiff is something collateral to the debt, being only a security for the debt to the extent of its value in case the debt should not be paid in full out of the estate, and as directed by the assignor. That is not a factor of the debt, but merely an incident to the debt. The trustee here stands in the same relation to the creditors as if he were in a court of equity administering under its order the settlement of the estate of his insolvent assignor, and he will not be allowed to displace one right to uphold another. The doctrine of marshalling is not founded on contract but rests, as Chancellor KENT says, "on the basis of mere equity and benevolence," and the trustee, on no sound principle of law or equity, can extend this benevolent principle to impair an advantage which one of the creditors in the assignment had by contract with the debtor before the assignment was made.

As we have said, we have no direct authority on the matter before the Court. There are however decisions in many of the courts of sister States holding that a creditor under a general assignment, having also another security, is entitled to a dividend from the assignee upon the whole amount of his debt at the date of the assignment. A leading case is Patton's appeal, 45 Pa. St., 151. In that case, one of the creditors secured in the deed of assignment, the firm of S. & W. Welch, had sold the assignor debtor a large quantity of sugar and had delivered to him only a part thereof, when, hearing of the failure and assignment of the debtor, the creditor detained the balance of the undelivered sugar, sold it and applied it to their debt, and claimed afterwards a dividend from the assignee upon the whole of their debt secured in the deed. The Court decided: "When the assignment was made there was due from the assignor to S. & W. Welch the sum of $23,420. Of this, $21,026 was paid out of the proceeds of sale of

117—14

that part of the sugar which was retained after the failure of the assignor, leaving unpaid the sum of $2,394. If the beneficial ownership of property assigned in trust for creditors is not in the creditors for whose benefit the trust was made, it can be nowhere ; for, clearly, it is not in the assignor, nor is it in the trustee. Surely, it cannot be maintained that, when an assignment has been made in trust for creditors, it does not operate as much for the benefit of a creditor who holds a collateral security for the debt due him, as for the benefit of a creditor who holds no collateral. The appellees were holders of collaterals. When the assignment was made they had two securities, the trust created by it and their lien upon the sugar. Had they retained the sugar until the present time, no one would doubt their title to a dividend out of the trust fund upon the whole amount of the debt due them." The law is decided to be the same as in Patton's appeal in the *People* v. *Remington*, 121 N. Y. Court of Appeal, p. 328.

His Honor below gave judgment that the plaintiff is entitled to receive from the trustee and to recover of him upon the basis of his entire indebtedness, and that it is the duty of the trustee to make payment to the plaintiff upon the basis of his debt against said Wright on the day of assignment, and not on the basis of said indebtedness reduced by the amount that the property, upon which plaintiff has a separate lien, will bring upon the sale thereof. There is no error in the ruling and the judgment is affirmed.

Affirmed.