CENTRAL BANK AND TRUST COMPANY v. E. C. JARRETT AND CHARLES G. LEE, RECEIVER OF E. C. JARRETT.

(Filed 23 June, 1928.)

**Receivers—Payment of Claims—Secured Creditor May Resort Primarily to General Fund.**

> Where a bank has secured a deed of trust on lands from its customer as a basis for a line of credit, upon the insolvency and receivership of the customer, the bank may primarily resort to its proportionate part of the assets, available to general creditors in the receiver's hands, before proceeding to realize upon its mortgage security.

CIVIL ACTION, before *Moore, J.,* at January Term, 1928, of BUNCOMBE.

*Merrimon, Adams & Adams and Mark W. Brown for plaintiff.*
*Joseph F. Ford and S. G. Bernard for defendant.*

BROGDEN, J. The question of law is this: In the event of insolvency and the appointment of a receiver for a debtor, has a secured creditor the right to resort primarily to the general fund for the payment of his debt?

The defendant, E. C. Jarrett, was engaged in the grocery business in Asheville. He applied to the plaintiff bank for a line of credit in the sum of $19,450. Plaintiff agreed to advance said sum provided Jarrett and his wife would execute as security therefor a deed of trust upon certain real estate. Thereupon the plaintiff advanced to Jarrett the sum of $19,450, evidenced by notes made or endorsed by Jarrett, all of said notes being secured by deed of trust executed by Jarrett and wife. In 1927 Jarrett made an assignment for the benefit of his creditors. Thereafter a receiver was duly appointed by the court and the said receiver took charge of the assets and property of said debtor. There are now in the hands of the receiver certain funds derived from the sale of Jarrett's property, other than the land embraced in said deed of trust. The real estate described in the deed of trust is amply sufficient to pay the amount due plaintiff bank.

HIGHWAY COMMISSION v. RAND.

The general creditors of Jarrett contend that the plaintiff bank must first exhaust the security it has by virtue of said deed of trust before it can participate in the general fund. Mrs. Jarrett contends that the plaintiff bank must first prove its claim against the general fund in the hands of the receiver and resort to the security only in the event the general fund is not sufficient to pay the claim of $19,450.

The trial judge, upon motion for judgment upon the pleadings, ruled that the plaintiff was entitled to share pro rata in the general fund in the hands of the receiver to the full amount of the claim held by it before resorting to the security. The judgment so rendered was a correct interpretation of the law upon the facts disclosed by the record. *Winston v. Biggs*, 117 N. C., 206, 23 S. E., 316; *Bank v. Flippen*, 158 N. C., 335, 74 S. E., 2; *Milling Co. v. Stevenson*, 161 N. C., 513, 77 S. E., 762.

There are other interesting questions discussed in the briefs, but they are not pertinent to a decision of the question presented by the pleadings and the judgment.

Affirmed.