FARMVILLE OIL AND FERTILIZER COMPANY v. HENRY C. BOURNE.
ADMINISTRATOR OF W. L. REASON.

(Filed 1 November, 1933.)

**Executors and Administrators D e — Deficiency after foreclosure of
decedent's mortgage and taxes come in first and third classes of
priority.**

> The priority of payment of the debts of a decedent is determined by
> C. S., 93, and a specific lien against the lands of decedent by registered
> mortgage is placed in the first class, and taxes assessed at the death of the
> decedent are placed in the third class, and where the lands have been fore-
> closed and bought in by the mortgagee who pays the taxes, and there is a
> deficiency after the application of the purchase price to the mortgage debt,
> a complaint setting forth these facts in an action by the mortgagee to
> subject the other lands of the decedent to the payment of the deficiency
> and taxes states a good cause of action, and defendant administrator's
> demurrer thereto should be overruled, and the rule that taxes assessed
> at the death of decedent come within the third class for payment is not
> affected by the provisions of C. S., 7980, requiring that taxes assessed
> against the property should be paid from the proceeds of foreclosure sale.

APPEAL by defendant from a judgment of *Daniels, J.,* overruling a
demurrer to the complaint. From EDGECOMBE.

The following are in substance the material allegations of the com-
plaint. In June, 1928, W. L. Reason executed a deed of trust to Henry
C. Bourne, trustee, conveying about 600 acres of land in Edgecombe
County, to secure the payment of $14,187.40 to the Farmville Oil and
Fertilizer Company. The deed of trust was duly registered on 14 Sep-
tember, 1928. In December, 1930, W. L. Reason died intestate, and
Henry C. Bourne thereafter qualified as administrator of his estate.
At the time of the death of W. L. Reason taxes against the land de-
scribed in the deed of trust were due and unpaid for the year 1930, in
a sum which at the time of subsequent payment amounted to $552.13
and subsequently the land was sold for taxes and a certificate of sale
was delivered to the county. Default was made in the payment of the
secured indebtedness and upon demand of the Farmville Oil and Ferti-
lizer Company, Henry C. Bourne, trustee, foreclosed the deed of trust in
November, 1931, and J. I. Morgan for the Farmville Oil and Fertilizer
Company bid in the property for $10,000, the indebtedness secured in
said deed of trust at that time amounting to the principal sum of
$14,187.40, with some accumulated interest.

No increased bid was made and the plaintiff requested of the defend-
ant the execution of a conveyance for the land sold under the deed of
trust. The defendant refused to comply with the request unless the

plaintiff paid him the purchase price ($10,000) so that the trustee could pay therefrom the cost and expense of foreclosure and the taxes of 1930 with interest, cost, and penalties due the county, or unless the plaintiff paid to the trustee the cost and expense of foreclosure and paid to the county the taxes of 1930 together with the cost and penalties and obtain and deliver to the defendant a receipt therefor and turn over to the defendant a receipt for the remainder of the purchase price.

The plaintiff then paid to the county out of its own funds $552.13 in settlement of the taxes of 1930 and interest, cost, and penalties; delivered to the defendant a receipt for these items; paid him $232.30 in settlement of the cost and expense of foreclosure; and gave him a receipt for the remainder of the purchase price. The defendant thereupon delivered to the plaintiff a deed for the land described in the deed of trust.

The plaintiff alleges that there are now two or three tracts of land, a part of the estate of the deceased, which have not been sold by the defendant and that from their sale enough money should be realized to pay the costs of the administration and the first two classes of preferred claims.

The plaintiff prays judgment that the defendant be required to file and allow said claim of $552.13 as a preferred claim under the third class of preferred claims against his intestate's estate, with interest on said claim from 4 April, 1932, at the rate of 6 per cent per annum; that it recover judgment of the defendant for said sum of $552.13 with interest on the same at the rate of 6 per cent per annum from 4 April, 1932, until paid; that defendant be required to file his petition and sell the remaining lands of his intestate for the purpose of raising money to pay said debt, with interest and costs; and that out of said funds the defendant be required to pay plaintiff the said amount of money with interest, as aforesaid, after the payment of all debts against his intestate's estate which may fall within the first two classes of preferred claims as set forth in C. S., 93 and that he be required to pay the costs of this action; and that the plaintiff have such other and further remedy as it may be entitled to in the premises.

The defendant demurred to the complaint on the ground that it does not state a cause of action in that it appears upon the face of the complaint that the defendant is not indebted to the plaintiff on any claim of priority as alleged.

The court overruled the demurrer and gave the defendant leave to file an answer. The defendant excepted and appealed.

*H. H. Philips for plaintiff.*
*Henry C. Bourne for defendant.*

ADAMS, J. The order in which the debts of a decedent must be paid is prescribed by section 93 of the Consolidated Statutes. Recognizing priority of classes, this statute provides for the administration of assets for the benefit of all the creditors according to definite and established rules. *Trust Co. v. Lentz,* 196 N. C., 398; *Bowen v. Daugherty,* 168 N. C., 242; *Atkinson v. Ricks,* 140 N. C., 418. It is founded on the theory that the question of priority among claims shall be determined upon the facts as they exist at the death of the debtor. *Tarboro v. Pender,* 153 N. C., 427.

The first class in section 93 is composed of debts which by law have a specific lien on property to an amount not exceeding the value of such property, and the third class, of taxes assessed on the estate of the deceased before his death. It is admitted that the taxes for the year 1930 had been assessed against the land described in the deed of trust previously to the death of W. L. Reason and had not been paid; they were, therefore, in the third class. So the immediate question is whether the deed of trust executed for the benefit of the plaintiff secured a debt which by law had a specific lien on property, as provided in the first class. We are of opinion that the question should be answered in the affirmative. Where after the lessee of turpentine boxes had died his personal representative sold the turpentine in the boxes and on the trees, it was held that the proceeds of the sale should be applied in payment of the lessor's lien. C. S., 2363; *Pate v. Oliver,* 104 N. C., 458. The statute created the lien; but antecedent to the lien was the contract of the parties. In like manner the deed of trust expressed the terms of the contract and upon its execution and registration conveyed the legal title to the trustee for the benefit of the plaintiff, who upon default had the legal right to subject the land to the payment of its claim. The secured notes executed by the deceased represented a debt to which pursuant to the deed of trust, the law attached a specific lien on the property. In the order of payment this debt, being in the first class, has priority over the payment of taxes provided for *eo nomine* in the third subdivision of the statute.

The appellant cites C. S., 7980, which provides that whenever any real estate shall be sold by any person under a power of sale conferred upon him by a . . . deed of trust, the person making such sale must pay out of the proceeds of sale all taxes then assessed upon such real estate and such sums as shall be necessary to redeem the land, if it has been sold for taxes and such redemption is practicable; but we are convinced that the General Assembly did not intend to abolish the method definitely prescribed for administering the estate of a person deceased or to modify the statutory direction as to the order in which the decedent's debts should be paid. Neither *Smith v. Miller,* 158 N. C., 98, nor *Callahan v. Flack, ante,* 106, is in conflict with this position.

The parties have requested that we determine the question of priority between the claims above stated, but as to any other contentions we make no adjudication beyond the holding that the complaint states a cause of action and that the trial court made no error in overruling the demurrer. Judgment

Affirmed.