UNITED STATES FIDELITY AND GUARANTY COMPANY v. GURNEY P. HOOD, COMMISSIONER OF BANKS.

(Filed 20 June, 1934.)

**Banks and Banking H c—Amount for which insurer may prove claim where other collateral is sold and proceeds paid county on its deposit.**

A county's deposit in a bank was secured by State bonds and indemnity bonds written by plaintiff insurer. N. C. Code, 1334(70). After the bank became insolvent the State bonds were sold at the request of insurer, and the county received the proceeds thereof, and the insurer paid the county the balance due on its deposit, and the county assigned to the insurer its claim against the bank in the total amount of the deposit at the time of insolvency. Insurer brought this action to compel the

liquidating agent to allow proof of its subrogated claim for the total county deposit at date of the bank's insolvency without deducting the amount received from the sale of the State bonds, claiming it was entitled to pro rata dividends on the total deposit until such dividends plus the amount received from the sale of the State bonds equaled the amount of the county's deposit. *Held*, the insurer was entitled to prove its subrogated claim only for the amount of the deposit less the proceeds from the sale of the State bonds, the sum it actually paid the county. *Milling Co. v. Stevenson*, 161 N. C., 510, distinguished by the fact that in that case the collateral was held and not sold and applied to the debt.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at Chambers, April, 1934. From DURHAM. Affirmed.

The agreed statement of facts: The plaintiff and defendant agree that the facts pertaining to the above entitled action and based upon the allegations set out in the complaint and answer filed herein are as follows: (1) That the allegations set out in paragraphs Nos. 1, 2, 3, 4, and 6 of the complaint filed herein are true. (2) That previous to and on 4 January, 1932 (the date the Merchants Bank of Durham, N. C., was taken over for the purpose of liquidation by the defendant G. P. Hood, North Carolina Commissioner of Banks) the county of Durham, through its treasurer, was a depositor at the Merchants Bank; that on 4 January, 1932, the county of Durham had on deposit in the Merchants Bank of Durham, N. C., the sum of $43,950.48; that to secure this deposit, as provided by law (C. S., section ........ ..) the bank had deposited with an associate, North Carolina State bonds in the sum of $29,000; that to further protect said deposit, the bank secured two indemnity bonds from the plaintiff in the total amount of $27,500; that a copy of each of the said indemnity bonds are attached to the plaintiff's complaint filed herein, marked Exhibits "A" and "B." (3) That shortly after the Merchants Bank of Durham, N. C., closed on 4 January, 1932, an agent, official or representative of the plaintiff, with authority to act, called on the officials of Durham County, which included the manager of Durham County, and insisted that the county of Durham immediately sell the said North Carolina State bonds, having a par value of $29,000, as the plaintiff contended the said county of Durham had a right to do (and which it did) in order to ascertain the exact amount due by the plaintiff, the United States Fidelity and Guaranty Company, to the county of Durham under the said indemnity bonds above referred to; that the county of Durham, through its officials, on 29 January, 1932, sold the said North Carolina State bonds of the par value of $29,000 for the sum of $26,353.57 and credited the same on the deposit of $43,950.48 which the county of Durham had deposited with the said Merchants Bank of Durham, N. C., at the

time it closed, leaving a balance due the county of Durham on said deposit, for which the plaintiff was liable to said county of Durham, in the sum of $17,596.91, which amount of $17,596.91 the plaintiff paid to the county of Durham on ........ May, 1932. (4) That on 12 May, 1932, the plaintiff, after paying the county of Durham the amount of $17,596.91, in fulfillment of its obligations on its said bonds, took from the county of Durham a receipt and assignment of its claim against the liquidating agent of the said the Merchants Bank of Durham, N. C., a copy of which receipt and assignment is attached to the complaint filed herein and marked Exhibit "C." (5) That notice of said assignment was given to the liquidating agent of the Merchants Bank on ........ May, 1932; that previous to and on 6 June, 1932, the liquidating agent of the Merchants Bank, as well as attorneys for said liquidating agent, advised R. P. Reade, Esq., attorney for the county of Durham, that neither the county of Durham nor the United States Fidelity and Guaranty Company, was entitled to and would not be allowed to file its claim for the sum of $43,950.48, but was entitled and would be allowed to file its claim for the amount of $17,596.91, the amount of the deposit less the amount for which the said North Carolina State bonds purchased by said bank and held as part security for the deposit of said county were sold. (6) That the Merchants Bank of Durham, N. C., got the county of Durham to pay one-half of the premiums for said two indemnity bonds above referred to: The Merchants Bank of Durham, N. C., and the county of Durham paying $30.00 each on the indemnity bond for $10,000, and the Merchants Bank of Durham, N. C., and the county of Durham paid $52.50 each as the premium on the indemnity bond for $17,500. (7) That the county of Durham on 18 March, 1932, within the time allowed for filing claims, undertook to file a claim with the liquidating agent of the Merchants Bank for the sum of $43,950.48. This the 28 April, 1934, Fuller, Reade & Fuller, attorneys for plaintiff. Brawley & Gantt, attorneys for defendant."

This action was brought by the plaintiff as assignee of Durham County to compel the defendants to allow said claim for $43,950.48. Upon the agreed statement of facts set out in the record, his Honor, Thomas J. Shaw, judge presiding over the Superior Court of Durham County, held that plaintiff as assignee of Durham County is entitled to prove its claim for only $17,596.91.

The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*Fuller, Reade & Fuller for plaintiff.*
*Brawley & Gantt for defendant.*

CLARKSON, J. The question: Has the plaintiff, as assignee of Durham County, a secured depositor creditor of the Merchants Bank of Durham, North Carolina, the right to receive dividends on $43,950.48, the total amount of its claim as it stood, at the time the bank was closed because of insolvency? We think not, under the facts and circumstances of this case.

N. C. Code, 1931 (Michie), sec. 1334(70), in part, is as follows: "The board of commissioners is hereby authorized and empowered to select and designate annually, by recorded resolution, some bank or banks or trust company in this State as an official depository of the funds of the county, and the county commissioners shall require of such depository North Carolina State Bonds and/or United States Government Bonds or a bond in some surety company authorized to do business in North Carolina in an amount sufficient to protect such deposits, but in no event not less than the average daily bank balance of the county for the preceding year; but the board may at any time require an additional bond in its discretion. *Provided,* that a bank giving North Carolina State Bonds and/or United States Government Bonds as security for county funds may deposit said bonds with another bank which has been approved by the Corporation Commission as a depository bank, said bonds to be held for the benefit of the county and subject to the order of the board of county commissioners of said county."

In accordance with the above statute, the Merchants Bank of Durham, N. C., had deposited with another bank, North Carolina State bonds in the sum of $29,000 and further to protect said deposit, secured two indemnity bonds in plaintiffs' company, totaling $27,500. The plaintiff insisted that these bonds be sold by the county of Durham to ascertain what was due on the indemnity bonds given by plaintiff. The bonds were sold for $26,353.57 and the proceeds credited on the deposit of $43,950.48, leaving a balance of $17,596.91, which plaintiff paid to Durham County.

The plaintiff contends that it was entitled from the insolvent bank, the prorata on $43,950.48, irrespective of the amount realized from the sale of the State bonds. To sustain its contention it cites *Winston v. Biggs,* 117 N. C., 206; *Bank v. Flippen,* 158 N. C., 334; *Milling Co. v. Stevenson,* 161 N. C., 510; *Bank v. Jarrett,* 195 N. C., 798. We do not think the construction plaintiff puts on these cases are applicable to the facts on this record.

We find that it is said in *Bank v. Flippen, supra,* pp. 335-6: "When such dividends, added to any sums collected by the creditor from collateral, shall have paid the debt in full, then dividends of course must cease, and the uncollected collateral delivered to the receiver. . . .

In *Merrill v. Bank,* 173 U. S., 131, the Supreme Court of the United States holds that 'A secured creditor of an insolvent bank may prove and receive dividends upon the face of his claim as it stood at the time of the declaration of insolvency, without crediting either his collaterals or collections made therefrom, after such declaration, subject always to the proviso that dividends must cease when, from them and from collaterals realized, the claim has been paid in full.' "

In *Milling Co. v. Stevenson, supra,* p. 513: "The receiver is not entitled to any securities in the hands of the appellant, the Home Savings Bank, until the bank has received full payment of its claims for $1,750 filed with the receiver. The bank is entitled to prorate with other creditors on the basis of $1,750, and then apply the proceeds of all collaterals in its hands to payment of the balance of its claim, unless the collaterals shall amount to more than the balance due. *Bank v. Flippen,* 158 N. C., 334, and cases cited." We think the facts in this case come more within the principle.

In *Bank v. Alexander,* 85 N. C., 352 (353): "On 30 November, 1877, the principal debtors made an assignment for the benefit of their creditors, from the proceeds of which the plaintiff has received and applied to the notes a payment of 66 per cent of the amount due. The plaintiff now proposes to prove against the testator's estate, the full amount of the notes without deduction of the sum paid, and claims to share upon the basis of an unreduced debt in the prorata distribution of the fund in the hands of the executor." Held that the payment extinguished the debt *pro tanto.*

In *Chemical Co. v. Edwards,* 136 N. C., 73: "Insolvency—Where a debtor holds certain notes as the property of the creditor, to be applied on his debt when collected, any amount collected on the notes is part payment of the debt and the debtor shares in the funds belonging to the administrator only in proportion to the balance of the debt due."

In the present action, the agreed statement of facts, number three *supra,* shows that these North Carolina State bonds were sold at the request of plaintiff and credited on the $43,950.48 deposit, so that plaintiff could ascertain the balance due on the indemnity bonds. This balance $17,596.91 was paid by plaintiff and for this amount, it can file its claim. When plaintiff took the assignment on 12 May, 1932, there was due only $17,596.91. Under the facts and circumstances of this case, it cannot prove for $43,950.48 although the claim for that amount was assigned to it. The bonds were sold and the credit made at plaintiff's solicitation. The plaintiff is subrogated to the amount it voluntarily paid out after it had the bonds sold and credited on the deposit. The bonds were sold and brought less than par, they were sold at plaintiff's insistence and it cannot now contend that it is subrogated to the full

amount of the deposit in the insolvent bank. After plaintiff's conduct in having the bonds sold and credited on the county of Durham deposit, it is too late now to contend that it is subrogated to the original deposit of the county of Durham in the insolvent bank.

It will be noted that in the cases cited by plaintiff, the creditor held the collateral and in case of insolvency had the right to prove for the full amount of the debt before exhausting other collateral held. This is not the factual situation in the present case. Durham County held as collateral or security for the deposit (1) $29,000 N. C. State bonds, (2) $27,500 indemnity bonds of plaintiff. This is the distinguishing feature between the cases cited by plaintiff and the present case. For the reasons given, the judgment of the court below is                    .

Affirmed.

STACY, C. J., took no part in the consideration or decision of this case.