BERTHA T. RIERSON, Adm'x., v. E. J. HANSON et al.

(Filed 27 January, 1937.)

**Executors and Administrators § 16—Secured creditor must exhaust security and file claim only for balance due after credit of proceeds of sale.**

The holder of a note secured by a mortgage must first exhaust the security and apply same on the debt, and may then file claim against the estate of the deceased maker only for the balance due on the note, and he may not file claim and receive *pro rata* dividend on the basis of the full claim. The Chancery rule, followed in receiverships and assignments for benefit of creditors, not being applicable, claims against an estate being governed by the administration laws, C. S., 93, which have been construed to favor the Bankruptcy rule.

APPEAL by Massachusetts Bonding & Insurance Company from *Pless, J.,* at October Term, 1936, of MECKLENBURG.

Civil action brought by administratrix under Declaratory Judgment Act, ch. 102, Public Laws, 1931, to obtain advice in settlement of estate, and to determine controversy between secured and unsecured creditors.

The facts are these: Plaintiff is administratrix of the estate of W. P. Rierson, late of Mecklenburg County, who died intestate and insolvent in July, 1934, leaving unsecured debts of approximately $8,500, and one note of $4,500, secured by deed of trust on real estate worth less than the amount of said debt. The Massachusetts Bonding & Insurance Company is now the holder of said note and deed of trust. The estate consists of approximately $7,000 and the encumbered real estate, which has not yet been sold. The widow makes no claim for dower.

It is the contention of the secured creditor that it should be allowed to prove and receive *pro rata* dividend on the basis of its full claim before resorting to its security, while the petitioner and the unsecured creditors contend that the secured creditor should first be required to exhaust its security and then prove its claim for any balance still remaining or unpaid.

There was judgment declaring that the secured creditor should "first exhaust the security which it holds and should then be permitted to file with the administratrix herein a claim against the general assets of the estate only for the balance remaining due after the said security has been applied on the said secured claim," from which the Massachusetts Bonding & Insurance Company appeals, assigning error.

*J. F. Flowers and J. Louis Carter for appellant.*
*McDougle & Ervin for plaintiff, appellee.*
*Guthrie, Pierce & Blakeney for all other appellees.*

STACY, C. J. Several lines of thought abound among the decisions on the question presently presented. The position of the secured creditor is supported by what is known as the Chancery rule, while that of the unsecured creditors is favored by what is generally denominated the Bankruptcy rule. The subject is exhaustively treated in *Merrill v. Bank,* 173 U. S., 131, and in note, with full citation of the authorities appearing in L. R. A., 1918 B, 1024-1042. The question here presented is whether the Chancery rule or the Bankruptcy rule shall be applied in the settlement of an insolvent estate, where there is no claim for dower, and the security is insufficient to pay the secured debt. We regard the matter settled in favor of the Bankruptcy rule by what was said in the following cases: *Chemical Co. v. Walston,* 187 N. C., 817, 123 S. E.,

196; *Askew v. Askew,* 103 N. C., 285, 9 S. E., 646; *Moore v. Dunn,* 92 N. C., 63; *Creecy v. Pearce,* 69 N. C., 67.

Speaking to the point in the last cited case, *Pearson, C. J.,* delivering the opinion of the Court, said: "We considered the question whether in the distribution of the personal estate the Roberts debt (the secured debt) ought to be taken *pro rata* on the whole debt or on the debt minus the amount that may be realized out of the mortgage. We are satisfied the latter is the true principle; . . . and we adopt the analogy in bankrupt cases where a creditor having collateral security is only allowed to prove the balance after exhausting the collateral security."

The secured creditor points out, however, that in receiverships and assignments for the benefit of creditors, our decisions favor the Chancery rule, *Bank v. Jarrett,* 195 N. C., 798, 143 S. E., 827; *Winston v. Biggs,* 117 N. C., 206, 23 S. E., 316, and stressfully contends that one rule ought not to apply to an obligor, while living, and another when he is dead. The argument overlooks the fact that upon the death of an obligor the administration laws, C. S., 93, step in and determine the settlement of his estate. These have heretofore been construed by us to favor of the Bankruptcy rule. Compare *Guaranty Co. v. Hood, Comr.,* 206 N. C., 639, 175 S. E., 135. Nothing was said in *Fertilizer Co. v. Bourne,* 205 N. C., 337, 171 S. E., 368, which militates against this position.

The appropriateness of the proceeding has not been questioned. *Light Co. v. Iseley,* 203 N. C., 811, 167 S. E., 256; *Walker v. Phelps,* 202 N. C., 344, 163 S. E., 727; *Trust Co. v. Lentz,* 196 N. C., 398, 145 S. E., 776.

Affirmed.