GUILFORD COUNTY v. ESTATES ADMINISTRATION, INC., ADMINIS-
TRATOR OF ESTATE OF G. A. GRIMSLEY, DECEASED; HARRY B. GRIMS-
LEY AND WIFE, LUCY ESTES GRIMSLEY; CORRINNE JUSTICE
GRIMSLEY (WIDOW), W. HENRY HUNTER, GUARDIAN AD LITEM OF
CYNTHIA GRIMSLEY, WM. T. GRIMSLEY, JR., ROBERT J. GRIMS-
LEY AND CORRINNE GRIMSLEY, MINORS; H. W. SCHIFFMAN.

(Filed 15 June, 1938.)

1. **Taxation § 33—Lien for taxes has priority over other liens.**

    The lien upon real estate for taxes is preferred to all other liens upon
    such real estate, and continues until paid with interest, penalties and
    costs, C. S., 7987, which lien is continued in favor of the holder of the
    certificate of sale by subrogation, C. S., 8036, 8037.

2. **Taxation § 40b—**

    The purchaser of a tax sale certificate is subrogated to the lien for
    taxes, and may foreclose same by civil action in the nature of an action
    to foreclose a mortgage.   C. S., 8037.

3. **Taxation §§ 33, 40b: Executors and Administrators § 16—County pur-
    chasing certificate for taxes assessed prior to death of insolvent
    acquires first lien, which it may foreclose by civil action.**

    After the death of insolvent intestate, certain land of the estate was
    sold for taxes assessed prior to the death of intestate, and the county
    became the purchaser for want of other bidder, C. S., 8015, and received
    certificate of sale, C. S., 8024.   *Held:* The county acquired a first lien on
    the land, C. S., 7980, 7987, 8036, prior to the claims of the administrator,
    widow, heirs at law, and judgment creditor of intestate, which lien the
    county may foreclose by civil action in the nature of an action to foreclose
    a mortgage, C. S., 8037, and the provisions of C. S., 93, that taxes should
    be paid by the personal representative in the third class of priority has no
    application to the statutory action to foreclose the tax sale certificate.

4. **Executors and Administrators § 20: Taxation § 40b—Tax sale certifi-
    cate may be foreclosed pending administration.**

    The right of the personal representative to sell lands of the estate
    subject to such liens, statutory and otherwise, as exist at the time, in
    order to make assets to pay debts when the personalty is insufficient, does
    not prevent the holder of a tax sale certificate against lands of the estate
    for taxes assessed prior to the death of insolvent intestate from fore-
    closing same in a civil action, in the nature of an action to foreclose a
    mortgage, during the pendency of the administration.

APPEAL by defendant "Estates Administration, Incorporated," admin-
istrator of Geo. A. Grimsley, from *Bivens, J.,* at 21 March, 1938, Term,
of GUILFORD.

Civil action to foreclose tax sale certificate.

The parties waived jury trial and submitted an agreed statement of fact with agreement that the court might find such additional facts as are required for a determination of the issues arising on the pleadings.

The pertinent facts so found by the court are: In the year 1934, county taxes in the sum of $16.61 were duly assessed upon certain lands in Guilford County, North Carolina, owned by and regularly listed in the name of Geo. A. Grimsley, who died intestate and insolvent on 28 March, 1935, resident of Forsyth County, North Carolina. Defendant Estates Administration, Incorporated, was duly appointed administrator of the estate of said intestate, in the latter county.

On 3 June, 1935, at a sale of real estate for the nonpayment of county taxes for the year 1934, the plaintiff became the purchaser of the said Grimsley lands, and received from the tax collector of Guilford County, and now holds, a certificate of sale therefor.

This action was instituted within the time limited by statute. Defendants are the administrator, widow, heirs at law and judgment creditor, respectively, of the said Grimsley. Summons and complaint have been duly served upon all defendants. Notice of action has been published as required by law. Complaint is filed setting forth essential allegations. Only the defendant administrator has answered. If the taxes be paid in full, payments to creditors will be reduced. In consequence, the clerk of Superior Court of Forsyth County refuses to permit administrator to pay 1934 taxes in full. Payment thereof has not been made, but the 1935 taxes, which were assessed after the death of intestate, have been paid.

From judgment declaring that the tax, interest and cost constitute a first lien upon the lands, superior to any claim or interest of the defendants, ordering sale and appointing commissioner to sell, with directions as to application of proceeds of sale, defendant administrator appealed to the Supreme Court and assigns error.

*D. Newton Farnell, Jr., and B. L. Fentress for plaintiff, appellee.*

*Vaughan & Graham and Winfield Blackwell for defendants, appellants.*

WINBORNE, J. Where, at a sale of real estate for nonpayment of county taxes, duly assessed prior to the death of an insolvent taxpayer, and after his death the county becomes purchaser for want of other bidder (C. S., 8015), and receives certificate of sale (C. S., 8024), does the county thereby acquire a first lien on such land (C. S., 8036)? If so, can the county maintain a civil action to foreclose on such certificate (C. S., 8037)?

Each question is answered in the affirmative. The authorities, statutory and judicial, support this decision.

GUILFORD COUNTY v. ESTATES ADMINISTRATION, INC.

The lien of State, county and municipal taxes in each year attaches to all real estate of the taxpayer situated within the county or municipality in which the tax list is made and placed in hands of proper officer for collection. This lien is preferred to all other liens upon such real estate, and continues until such taxes, interest, penalties and costs shall be paid. C. S., 7987. Public Laws 1929, ch. 306. *New Hanover County v. Whiteman,* 190 N. C., 332, 129 S. E., 808; *Shale Products Co. v. Cement Co.,* 200 N. C., 226, 156 S. E., 777. The holder of a certificate of sale is subrogated to the right of the State, county or other municipality for the taxes for which the real estate was sold, and has "the right of lien against the real estate described in the certificate as in case of mortgage." The holder is entitled to a judgment for the sale of such real estate for the satisfaction of whatever sum there may be due upon such certificate. The relief on the certificate may be afforded "only in an action in the nature of an action to foreclose a mortgage." C. S., 8037. *New Hanover County v. Whiteman, supra; Shale Products Co. v. Cement Co., supra.* The right of foreclosure by civil action "is the sole right and only remedy to foreclose the same." *Orange County v. Wilson,* 202 N. C., 424, 163 S. E., 113; *Wilkes County v. Forester,* 204 N. C., 163, 167 S. E., 691; *Logan v. Griffith,* 205 N. C., 580, 172 S. E., 348; *Rigsbee v. Brogden,* 209 N. C., 510, 184 S. E., 24. In *Logan v. Griffith, supra, Brogden, J.,* said: "The applicable statutes create a lien for purchasers at tax sales, and also prescribe the procedure for enforcing said lien. 'Foreclosure' is the process provided for turning the lien into *money.*"

The statutes are plain, explicit and understandable and need no interpretation. Under these statutes and decisions of this Court the taxes levied by Guilford County became a lien upon the lands in question superior to all other liens theretofore or thereafter created upon said lands, except as to taxes, if any, due to State or municipality. Through the certificate of sale this lien is continued in the county by way of subrogation. The county has the right of foreclosure, and that right is the only right the county has to enforce the lien of the certificate of sale, for the collection of the tax. The county may pursue this course at its election. *Rigsbee v. Brogden, supra.*

Defendant administrator contends that in the present case, the estate being insolvent, "the taxes assessed on the estate of deceased previous to his death" are relegated to the third class by the statute providing for payments of the debts of the estate. C. S., 93. With this we do not agree. In *Rigsbee v. Brogden, supra,* the Court held that taxes on a life estate assessed previous to the death of the taxpayer are entitled to preferential payment out of the personalty left by him, but that the tax sales certificate itself is not provable as a preferred claim against the estate of the deceased. The court added, however, that "Foreclosure and redemption are the pertinent remedies of the individual holder of the certificate and the owner of the land."

If defendants' contention should be accepted, then, upon the death of a taxpayer, C. S., 93 would strike down numerous statutes which are applicable to the taxpayer while living. C. S., 93 would run counter not only to the tax lien created under C. S., 7987, the lien of tax sale certificate provided under C. S., 8036, and the subrogation and right of foreclosure as in case of a mortgage as prescribed in 8037, but to C. S., 7980. This last statute requires that in judicial proceeding for the sale of land the judgment shall provide for payment of taxes, and in sales under powers granted taxes shall be paid out of the proceeds. It further provides that a failure to pay the tax shall not vacate or affect this lien, but that such lien shall be discharged only to the extent that payment is actually made.

Under defendants' contention, on the death of the taxpayer, a transition takes place, and the lien of the mortgage goes into first place, and that of the taxes into third place. Manifestly, the Legislature did not so intend. C. S., 93 deals with the administration of personal estates. ". . . The personal property of any deceased person shall be liable in the hands of any executor or administrator for any tax due by any testator or intestate. . . ." C. S., 8008. C. S., 93 provides the order for payment of debts out of the personal property. Upon the death of the taxpayer the personal estate vests in the administrator or executor, and the lands descend to his heirs or vest in the devisees, subject to be sold, if necessary, to make assets to pay debts. *Price v. Askins,* 212 N. C., 583, 194 S. E., 284; *Linker v. Linker, ante,* 351, 196 S. E., 329. If the personal estate be insufficient to pay debts of the estate, the administrator, by appropriate proceeding, may resort to the sale of the land, burdened, however, with such liens, statutory or otherwise, as exist at the time. But this right does not prevent the holder of the tax sale certificate from foreclosing in civil action in the nature of an action to foreclose a mortgage during the pendency of the administration of the estate. Nothing said in *Rierson v. Hanson,* 211 N. C., 203, 189 S. E., 502, militates against this position.

Defendant relies upon the case of *Fertilizer Co. v. Bourne,* 205 N. C., 337, 171 S. E., 368. As was said in the case of *R. R. v. Reid,* 187 N. C., 320, 121 S. E., 534, "If we apply the statement of *Chief Justice Marshall* that 'every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered' " (*U. S. v. Burr,* 25 Fed. Cases, 165), we must conclude that there is nothing in *Fertilizer Co. v. Bourne, supra,* that militates against our present position. The lien of a certificate of tax sale and the right to enforce such lien by foreclosure were not there involved.

The judgment below is

Affirmed.