CITY OF DURHAM v. HICKS

[135 N.C. App. 699 (1999)]

═══════════════════

CITY OF DURHAM; COUNTY OF DURHAM, Plaintiffs-Appellants v. JAMES M. HICKS, JR., and wife, MRS. J.M. HICKS; ALL ASSIGNEES, HEIRS AT LAW AND DEVISEES OF JAMES M. HICKS, JR. AND MRS. J.M. HICKS, IF DECEASED, TOGETHER WITH ALL THEIR CREDITORS AND LIENHOLDERS REGARDLESS OF HOW OR THROUGH WHOM THEY CLAIM, AND ANY AND ALL PERSONS CLAIMING ANY INTEREST IN THE ESTATES OF JAMES M. HICKS, JR., AND MRS J.M. HICKS, IF DECEASED; GEORGE W. MILLER, JR., PUBLIC ADMINIS-TRATOR, CTA, DBA OF THE ESTATE OF LEILA PHILLIPS AND WILLIAM A. MARSH, JR., GUARDIAN AD LITEM FOR JAMES M. HICKS, JR., Defendants-Appellees

No. COA99-101

(Filed 7 December 1999)

**1. Estate Administration— pending estate administration— tax lien on estate property—precedence over payment of estate expenses**

The trial court erred by granting summary judgment in favor of the Public Administrator so he could continue to administer the estate and attempt to sell the pertinent property despite the County of Durham's attempt to foreclose on the property tax lien pursuant to N.C.G.S. § 105-379(a) because although N.C.G.S. § 28-19-6 and N.C.G.S. § 105-356(a)(1) do not reference each other and are conflicting over whether a tax lien takes precedence over all other claims against the estate, case law provides that tax liens against real property held in an open estate take precedence over the costs of administration.

**2. Taxation— enjoining collection and foreclosure of taxes—statutory prohibition—property in pending estate administration**

The trial court violated the statutory prohibition of N.C.G.S. § 105-379(a) against enjoining the collection and foreclosure of taxes when it denied the County of Durham's right to foreclose on

a tax lien even though the property was in the midst of a pending estate administration because N.C.G.S. § 105-374(k) requires the County in its foreclosure proceeding to be obligated to raise enough funds to satisfy the tax debt, while N.C.G.S. § 28A-19-6 provides that the Public Administrator is not obligated to pay the back taxes if the sale of the property does not generate enough funds.

3. **Estate Administration— pending estate administration—foreclosure sale—administrator's advance of additional funds**

Even though N.C.G.S. § 105-374 only requires the County of Durham to raise enough money from the foreclosure sale of the pertinent property to cover the taxes and the property is still in the midst of a pending estate administration, the Public Administrator is only required to use funds from the estate itself under N.C.G.S. § 105-383 and N.C.G.S. § 28A-12-5 in advancing the costs of the estate and his decision to advance funds beyond the amount that is available in an estate upon the reliance that real property will be sold to cover those costs is an unprotected risk.

4. **Estate Administration— payment of claims—funds not available**

In a foreclosure proceeding, the Public Administrator is not required to raise enough funds to pay all of the claims against the property because even though N.C.G.S. § 28A-19-6 governs the order in which claims against the estate must be paid, nowhere does it dictate that all claims must be paid in full regardless of whether funds exist to do so.

Appeal by plaintiffs from judgment entered 28 October 1998 by Judge Craig B. Brown in District Court, Durham County. Heard in the Court of Appeals 21 October 1999.

*Kimberly Martin Grantham, Assistant County Attorney, for plaintiffs-appellants.*

*Haywood, Denny & Miller, L.L.P., by Thomas H. Moore, for defendant-appellee George Miller, Jr., and Marsh and Marsh, by William A. Marsh, Jr., as Guardian-Ad-Litem for defendant-appellee James M. Hicks, Jr.*

WYNN, Judge.

N.C. Gen. Stat. § 28A-19-6 (1984) dictates that the costs of an estate administration must be paid before all other claims. In this case, however, the City and County of Durham argue that their tax liens against real property held in an open estate take precedence to the costs of administration. We agree and therefore hold that the trial court erred in preventing the foreclosure proceeding to collect the tax liens against real property held in an open estate.

Leila Phillips died in 1975 leaving by will two adjacent properties on Teel Street in Durham County to her grandson, James M. Hicks, Jr., then a minor. At the time of her death, no property taxes were due on the parcels.

In 1981, the Durham County Clerk of Court appointed Attorney George W. Miller, Jr., to act as the Public Administrator for the Phillips estate which consisted of the two Teel Street lots (one of which contained a dilapidated house), and about $100.00 in a bank account. The whereabouts of James M. Hicks, Jr., was, and still is, unknown, so the court appointed William A. Marsh, Jr., as guardian ad litem to represent his interests in the estate.

During the administration of the estate, the County of Durham ordered that the house on the Teel Street properties be demolished. Although it was not statutorily required to do so, the Public Administrator's law firm advanced the costs of the razing. The Public Administrator has since tried to sell the properties, but the properties are economically unattractive and have not yet sold. In the meantime, taxes on these properties have not been paid because the estate is otherwise insolvent. As of 26 October 1998, the back taxes and interest on the two lots totaled $1,606.22.[1]

Through October 1998, the Public Administrator advanced through his law firm $2,584.00 to administer the Phillips estate. This included the cost of demolishing the house, appraising the properties, filing annual accounts with the Durham County Clerk of Court, and paying various other expenses. In addition, the estate generated nearly $10,000 in legal expenses, mostly related to the Public Administrator's efforts to sell the properties.

---

1. An estate administrator must pay taxes due on property under his control, but, like the costs of the razing of the house in this case, he is only required to use funds from the estate itself. N.C. Gen. Stat. §§ 105-383 (1997), 28A-12-5 (1984).

CITY OF DURHAM v. HICKS

[135 N.C. App. 699 (1999)]

In 1992, the City and County of Durham initiated proceedings to foreclose its tax lien on the Teel Street properties. (The County apparently was unaware that the Public Administrator was still administering the estate since he was not initially named as a defendant, but was later added in an amended complaint.) The County sought to recover the back taxes and interest, to appoint a commissioner to sell the Teel Street properties, and to first apply the proceeds from the sale to pay the back taxes and interest.

In their representative capacities, the Public Administrator and the Guardian Ad Litem answered, asking the Court to stay the foreclosure proceedings, and noting that a special proceeding had been instituted by the Public Administrator to sell the Teel Street properties and that this sale would likely generate sufficient funds to pay the costs of the estate administration and the back taxes.

The City and County of Durham took no steps to proceed with this action until ordered to do so by District Court Judge Craig B. Brown in September 1998. After a hearing, Judge Brown denied the City and County's motion for summary judgment and instead granted summary judgment in favor of the Public Administrator so he could continue to administer the estate and attempt to sell the property. This appeal by the City and County followed.[2]

[1] The County of Durham argues that it has the authority to foreclose a property tax lien even if the property is in the midst of a pending estate administration. It also contends that the trial court violated the statutory prohibition against enjoining the collection and foreclosure of taxes when it denied the County's right to foreclose. We agree with both of the County's arguments.

Chapter 105 of the North Carolina General Statutes governs tax assessments and collections. N.C. Gen. Stat. § 105-355 (1997) provides that a tax liability on a piece of property creates a tax lien against that property. N.C. Gen. Stat. § 105-356(a)(1) (1997) provides that a tax lien is superior to all other claims against the property: "the lien of taxes . . . shall be superior to all other liens, assessments, charges, rights, and claims of any and every kind in and to the real property to which the lien for taxes attaches regardless of the claimant and regardless of whether acquired prior or subsequent to the attachment of the lien for taxes."

2. The arguments set forth by the County of Durham apply equally to the City of Durham, so for the sake of brevity we will refer to the plaintiffs jointly as "the County."

CITY OF DURHAM v. HICKS

[135 N.C. App. 699 (1999)]

Chapter 28A of the North Carolina General Statutes governs the administration of a decedent's estate. N.C. Gen. Stat. § 28A-19-6 (1984) dictates the order of payment of claims against any estate being administered in North Carolina. The statute provides, in pertinent part, that

> After payment of costs and expenses of administration, the claims against the estate of a decedent must be paid in the following order: ...

> Fourth class. All dues, taxes, and other claims with preference under the laws of the State of North Carolina and its subdivisions.

The purpose of the ranking system is to provide orderly administration of estates, with proper safeguards and definite rules to benefit all creditors. *See Farmville Oil & Fertilizer Co. v. Bourne*, 205 N.C. 337, 339, 171 S.E.2d 368, 369 (1933).

Under § 28A-19-6, the County of Durham is a fourth class creditor and should be paid after the costs and expenses of the Phillips estate administration are paid. However, § 105-356 dictates that a tax lien takes precedence over all other claims against the estate. These two conflicting statutes do not reference each other.

The defendants argue that to break the deadlock, we should rely on the ranking system in § 28A-19-6, which requires that administrative costs be paid before local taxes. But a similar reliance could be placed on the plain language of § 105-356, which gives precedence to all tax liens. Although the plain language of these statutes present an inherent inconsistency, our case law provides guidance for resolving the conflict.

In *Moore v. Jones*, 226 N.C. 149, 36 S.E.2d 920 (1946), Justice Barnhill writing for our Supreme Court considered a case in which the debts of an estate were greater than the personalty left behind. In that case, the estate's administrator needed to sell some of the real estate to pay all of the estate's debts in full. The Court held that an estate's personalty is primarily liable for paying the estate's debts, and the real estate is only secondarily liable. Furthermore, the Court held that the statute which dictated the order in which debts were to be paid related exclusively to the application of personal property, and not the realty. Moreover, when real estate is sold by an administrator to pay debts, the proceeds of the sale remain realty until all liens against the real estate are discharged. Only the residue, if any, con-

verts to personal property which may be used to satisfy other claims against the estate.

The rationale of *Moore* is applicable to the case at bar in that it establishes the order by which claims against an estate must be paid when the sale of real estate is necessary to pay the debts. If real property must be sold to satisfy the debts of an estate, such as in the case at bar, all liens against that property, such as a tax lien, must be satisfied first. Only then can the remainder be used to satisfy other claims, such as the costs of the estate administration.

In an even earlier pronouncement from our Supreme Court in *Guilford County v. Estates Administration*, 213 N.C. 763, 197 S.E. 535 (1938), Justice Winborne wrote that the right of an administrator to sell an estate's realty to pay the debts of an estate did not prevent the holder of a tax sale certificate from foreclosing in a civil action during the pendency of the administration of the estate. In *Estates Admin.*, the taxes in question which took precedence to other claims against the estate accrued *before* the death of the decedent. Logically, that rule of precedence applies equally to tax liens that arise *after* the death of the decedent.

In any event, Justice Winborne's rationale in *Estates Administration* that the holder of a tax sale certificate does not lose the right to foreclose the property just because that property is in the midst of an estate administration applies to the case at bar. Our current law treats a tax sale certificate and an original tax lien identically, and allows the holder of either to institute a foreclosure action. N.C. Gen. Stat. § 105-374 (1997). Under our extension of the holding of *Estates Administration*, we must allow the County of Durham to proceed with its tax foreclosure despite the fact that the Public Administrator is still administering the estate.

[2] Finally, we are supported in our holding by N.C. Gen. Stat. § 105-379(a) (1997) which provides that:

> No court may enjoin the collection of any tax, the sale of any tax lien, or the sale of any property for nonpayment of any tax imposed under the authority of this Subchapter except upon a showing that the tax (or some part thereof) is illegal or levied for an illegal or unauthorized purpose.

And our courts have consistently allowed local governments to collect taxes due to them unless the tax was somehow illegal or invalid. *See, e.g., Sherrod v. Dawson*, 154 N.C. 525, 70 S.E. 739 (1911); *Onslow*

*County v. Phillips*, 123 N.C. App. 317, 473 S.E.2d 643 (1996), *rev'd on other grounds*, 346 N.C. 265, 485 S.E.2d 618 (1997).

In the case before us, the trial court's decision effectively denied the County its right to foreclose on the tax lien, a violation of § 105-379(a). The defendants do not contend that the taxes in question were illegal or invalid, thereby invoking the exception to the rule. Rather, the defendants argue that the Public Administrator is also a government official, so the trial court's ruling did not enjoin the collection of the taxes, but merely dictated who would sell the property.

We note, however, that the Public Administrator is not *obligated* to pay the taxes if the sale of the property does not generate enough funds. N.C. Gen. Stat. § 28A-19-6. Only the County in its foreclosure proceeding will be obligated to raise enough funds to satisfy the tax debt. N.C. Gen. Stat. § 105-374(k). Although the Public Administrator *may* raise enough funds to pay the back taxes, he may in fact not be able to do so. To allow him to proceed with a private sale would, in effect, enjoin the County from collecting the taxes since such a sale may not raise sufficient funds to pay the taxes. Only the County has the ability and the obligation to cover the tax debt.

[3] The Public Administrator's final argument is that if the tax lien takes precedence over the payment of the estate expenses, a harsh and absurd result will arise—direct out-of-pocket losses to himself for the advancements made by his law firm in the administration of the Phillips estate. The Public Administrator points out that N.C. Gen. Stat. § 105-374 only requires that the County raise enough money from the sale of the properties to cover the taxes.

We recognize the possibility of an inequity in the event the property does not yield more than the value of the tax lien. Yet, in advancing the costs of the estate, the Public Administrator did so without statutory authority or obligation. Under N.C. Gen. Stat. §§ 105-383 and 28A-12-5, the Public Administrator is only required to use funds from the estate itself. To advance funds beyond that amount that is available in an estate upon the reliance that real property will be sold to cover those costs is an unprotected risk.

Moreover, while N.C. Gen. Stat. § 105-374(k) requires that a seller in a tax foreclosure sale raise at least enough money to pay *all* of the taxes owing on the property, subsection (k) limits what may be sold to "the sale of real property *or as much as may be necessary for the*

*satisfaction of all of the [debt]*" (emphasis added). A sale by the County will not necessarily encompass the entire property, leaving the remainder to continue in the estate administration.

In addition, N.C. Gen. Stat. § 105-374(q) establishes the order in which the proceeds from a tax foreclosure sale must be applied. Generally, proceeds are first applied to the costs of the sale, then to any taxes and special benefit assessments. Finally, subsection (q)(6) provides, "any balance then remaining shall be paid in accordance with any directions given by the court . . . ." Under this subsection, the remainder of the tax foreclosure sale could be paid to the Phillips estate.

[4] The Public Administrator further argues that *he*, unlike the County, would be required to raise enough funds to pay *all* of the claims against the property. But it is unclear how he arrived at this conclusion.

N.C. Gen. Stat. § 28A-19-6 governs the order in which claims against an estate must be paid nowhere does it dictate that all claims must be paid in full, regardless of whether funds exist to do so. In fact, our Supreme Court has addressed the issue of how a payment-order statute, such as the one in the case at bar, should be applied.

> [T]he debts of a decedent must be paid, if he leave anything with which to pay them, and if his estate is not sufficient to pay his debts in full, then they are to paid in classes, with those of the last class, if and when reached, sharing ratably in what is left.

*Rigsbee v. Brogden*, 209 N.C. 510, 512, 184 S.E. 24, 25 (1936). Clearly, when an estate cannot pay all of its debts, those debts can and will remain unpaid. The Public Administrator, therefore, is no more obligated to raise enough money to satisfy *all* of the claims against the property than the County.

Since the trial court improperly prevented the County of Durham from proceeding with its tax lien foreclosure, the decision of the trial court is,

Reversed.

Judges HORTON and EDMUNDS concur.